**D. R. SMALLEY & SONS, INC.,**
v.
**The UNITED STATES.**
No. 422–65.

United States Court of Claims.
Feb. 17, 1967.

506

Donald A. Moon, Brighton, Mich., attorney of record for plaintiff.

Ray Goddard, Washington, D. C., with whom was Asst. Atty. Gen. Barefoot Sanders, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

SKELTON, Judge.

The plaintiff, an Ohio Corporation engaged in the highway construction business, sued defendant for damages in the sum of $6,000,000 in connection with six contracts executed in 1956 and 1957 for the building of certain Federal-Aid Highway projects in the State of Ohio.

In two of the contracts the plaintiff was the principal contractor, and in the other four it was a subcontractor under Maxon Construction Company, Inc., the principal contractor, who is not a party to this suit. The State of Ohio was the other contracting party in all of the contracts. The United States was not a party to any of the contracts.

The agreements between plaintiff and the State of Ohio required the plaintiff to furnish all labor and materials and to build the highways involved in accordance with the plans and specifications agreed upon by the parties for which the plaintiff would be paid the various sums of money specified in the respective contracts.

The projects were a part of the Federal-Aid Highway System of interstate highways on which the United States would reimburse the State of Ohio to the extent of ninety per cent of the total cost in accordance with the various Federal-Aid Highway Acts passed by Congress.[1] The state would pay the other ten per cent of the total cost.

Plaintiff alleged that: the contracts were drafted pursuant to standards and regulations required by defendant; the defendant approved the contracts and they were executed with its express approval; and all changes in the contracts were required to be submitted to defendant for its approval.

During the course of the work on the projects, the plaintiff encountered many difficulties, financial and otherwise, and completed the work only after reorganizing its corporate structure and by subletting portions of the contracts to other contractors. It claims that it lost by way of damages on all six projects the sum of $2,923,573.22. A claim in this amount was filed with the Ohio Sundry Claims Board, which approved and paid the claim to the extent of $195,690, leaving $2,727,883.22 unpaid. The plaintiff has filed this suit to recover such balance, together with other alleged damages to which it claims it is entitled, all in the total sum of $6,000,000.

The basis of plaintiff's claims against the State of Ohio and now against the United States was that during the work on the highway projects the state did not timely obtain rights-of-way nor remove obstructions therefrom, did not promptly provide time extensions as promised, required work to be done in wet and freezing weather, directed that work be done under traffic conditions, forced plaintiff to subcontract some of the work to others at increased costs,

[1]. Federal-Aid Highway Act of 1956, Ch. 462, § 108(e), 70 Stat. 374; Federal-Aid Highways, 23 U.S.C. § 120(c) (1964).

and admitted liability on certain phases of the projects that required redesign of the plans.

Plaintiff's theory of recovery against the defendant is that by reason of the contents of the Federal-Aid Highway Acts, supra, including the provision obligating the Government to reimburse a state to the extent of ninety per cent of the cost of any approved highway project completed in the state as a part of the Federal-Aid Highway System, together with acts of the defendant in connection with the projects under consideration here, made the defendant the real party in interest instead of the State of Ohio.

The plaintiff contends that the State of Ohio was the agent of defendant and that defendant is liable for all of the wrongful acts and omissions of the state in connection with the contracts. To support this claim, plaintiff points out that: the contracts were drafted pursuant to the regulations and requirements of defendant; the contracts were approved by defendant; the work was inspected and approved by defendant as it progressed; changes in plans were approved by defendant; the final completion of the work was inspected and approved by the defendant; and defendant agreed by the provisions of the law to pay the state (for the benefit of plaintiff) ninety per cent of the cost of the contracts. By reason of these claims, plaintiff asserts that it had express contracts with the defendant and in the alternative, the defendant was bound by implied contracts. Also, plaintiff says that defendant has deprived it of its property without remuneration contrary to the fifth and fourteenth amendments of the United States Constitution.

Defendant answered by saying there was no privity of contract between it and the plaintiff, and the defendant has not given its consent to be sued. It also pleads the sovereign act doctrine as a defense. We believe the defendant is correct as to these defenses and that they are controlling in the disposition of this case.

When Congress passed the Federal-Aid Highway Acts which obligated the Government to reimburse the states to the extent of ninety per cent of the cost of construction of any approved highway that was a part of the Federal interstate system of roads, it exercised sovereign powers of the Government. Likewise, the establishment of standards and requirements, the approval of the form of contract, the inspection of work, and the payment of ninety per cent of the cost of each project to the state involved by the Bureau of Public Roads, were sovereign acts of the Government and were not directed solely to the plaintiff but affected the general public and were done for the common good and the general welfare.

It is well established that the Federal Government is not liable for damages resulting from sovereign acts performed by it in its sovereign capacity. Horowitz v. United States, 267 U.S. 458, 461, 45 S.Ct. 344, 69 L.Ed. 736 (1925); Jones v. United States, 1 Ct.Cl. 383 (1865).

The National Government makes many hundreds of grants each year to the various states, to municipalities, to schools and colleges and to other public organizations and agencies for many kinds of public works, including roads and highways. It requires the projects to be completed in accordance with certain standards before the proceeds of the grant will be paid. Otherwise the will of Congress would be thwarted and taxpayers' money would be wasted. See Mahler v. United States, 306 F.2d 713, 716–722 (3rd Cir. 1962), cert. denied, 371 U.S. 923, 83 S.Ct. 290, 9 L.Ed.2d 231. These grants are in reality gifts or gratuities. It would be farfetched indeed to impose liability on the Government for the acts and omissions of the parties who contract to build the projects, simply because it requires the work to meet certain standards and upon approval thereof reimburses the public agency for a part of the costs.

The plaintiff contends that by these acts the defendant made the State

of Ohio its agent and by reason thereof it had express contracts with defendant and defendant is liable for the wrongful acts and omissions of Ohio. We do not agree. Such sovereign acts of defendant do not in any way make the State of Ohio its agent as claimed by plaintiff. See Eden Memorial Park Association v. United States, 300 F.2d 432, 439 (9th Cir. 1962), wherein the court stated:

> Moreover, analysis of the Federal-Aid Highways Act indicates that while close cooperation between the United States and the individual states was contemplated, the states or their agencies or officials were in no sense to become agents of the United States in projects authorized by that act. * *

The defendant did not sign the contracts with the plaintiff and there were no negotiations or communications whatsoever between them. Consequently, there were no express contracts between them.

■ The same reasoning applies to plaintiff's alternative claim that defendant is liable because of implied contracts with plaintiff. The sovereign acts of defendant described above do not impose liability on defendant for the acts and omissions of the State of Ohio on the theory of implied contract. The contracts were between the state and plaintiff.

Accordingly, since there was no privity of contract, express or implied, between plaintiff and defendant, the defendant is not liable in contract for the damages claimed by plaintiff.

■ We now come to the claim of plaintiff that defendant has deprived it of its property without compensation in violation of the fifth and fourteenth amendments to the Constitution. All of the acts and omissions complained of by plaintiff were those of the State of Ohio. It does not allege a single affirmative act on the part of defendant that deprived it of any of its property nor that interfered with or disturbed its property rights in any way. Without such allegations, plaintiff cannot recover damages from defendant on this theory. Biggs

Rental Co. v. United States, 353 F.2d 1013, 1017, 173 Ct.Cl. 789, 796 (1965), cert. denied, 384 U.S. 927, 86 S.Ct. 1443, 16 L.Ed.2d 531 (1966).

Since we have held that the defendant is not liable to plaintiff by reason of its sovereign acts, and there is no privity of contract between them, express or implied, and defendant has not deprived plaintiff of its property in violation of the fifth and fourteenth amendments to the Constitution, it follows that plaintiff cannot recover.

Accordingly, defendant's motion for summary judgment is hereby granted and plaintiff's petition is dismissed.