Contract of sale; Court of Claims jurisdiction; Economic Development Ad/ministration agreement to assumption by buyer of seller’s financial obligations to EDA. — Plaintiff alleges two causes of action against the United States arising out of the sale of the assets of Aspen Wood Products Corporation. The first cause of action alleges certain false representations by a representative of defendant (Economic Development Administration) for which plaintiff seeks recision of a contract of sale and damages. The second cause of action alleges breaches by defendant of certain warranties of a contract of sale for which plaintiff seeks damages. On January 31, 1975 the court issued the following order:
Before cowen, Chief Judge, davis and skelton, Judges.
“This case comes before the court on defendant’s motion for summary judgment. Upon consideration thereof and plaintiff’s brief in opposition thereto, the court finds that on the basis of the pleadings and the undisputed facts, there is no substantial showing that there was either an express or an implied contract between plaintiff and defendant with respect to the matters in controversy. See Housing Corp. of America v. United States, 199 Ct. Cl. 705, 710, 468 F. 2d 922, 924 (1972); D. R. Smalley & Sons v. United States, 178 Ct. Cl. 593, 598, 372 F. 2d 505, 508, cert. denied, 389 U.S. 835 (1967). See also Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974). Since the previous decisions of this court leave no room for the inference that the claim is one within the jurisdiction of the court, it follows that plaintiff’s petition must be dismissed. Levering Garrigues Co. v. Morrin, 289 U.S. 103, 105-06 (1933); see Ralston Steel Corp. v. United States, 169 Ct. Cl. 119, 340 F. 2d 663, cert. denied, 381 U.S. 950 (1965).
*841 “The court also concludes that the counterclaim must be dismissed since we are without jurisdiction of plaintiff’s claim. Mulholland v. United States, 175 Ct. Cl. 832, 361 F. 2d 237 (1966); Alloy Products Corp. v. United States, 157 Ct. Cl. 376, 302 F. 2d 528 (1962).
“it is therefore ordered that plaintiff’s petition and defendant’s counterclaim are both hereby dismissed.”