Bennett, Judge,
dissenting:
Respectfully, I think that the order of the court in this case proposes a course of conduct that will be an expensive exercise in futility. It has recommended that plaintiff get legal assistance to answer a series of questions propounded by the court.
As to the claim we are asked to take recognition of plaintiff states as follows:
The Federal Government through the R.E.A. are [sic] supplying electricity to Francis Diken to pump water from Sec. 17 Fairview township Lyon County Minn to and trough [sic] my land enunding [sic] the land. * * *
So, what we have here in simple terms is that plaintiff says the Rural Electrification Administration (R.E.A.) is selling electricity to Mr. Diken who runs an electric pump that spreads water over plaintiffs land. His theory seems to be that the United States is liable for the alleged damage. If someone’s loud, stereo music flooded a neighbor’s property so that he considered it offensive and damaging, could the neighbor sue the bank that loaned the power company money to generate electricity for sale to the stereo owner? That appears to be what plaintiff is attempting to do. His flood is water, not noise, but a tort nevertheless, over which this court has no jurisdiction. However, I will consider that plaintiff is claiming a fifth amendment taking, over which we do have jurisdiction in a proper case.
*738 The Rural Electrification Administration finances nonprofit electric and telephone companies or associations in rural areas by making them low-cost loans at 2 to 5 percent interest. It does not itself own or operate any electrical facilities. Plaintiff alleges it does supply electricity to his offending neighbor, which is thus not so. R.E.A. receives its money through collections on outstanding loans, through Treasury borrowings, and through sales of beneficial ownership interests in borrower notes held in trust by R.E.A. The loans which are made finance construction and operation by others of generating plants and transmission and distribution lines to provide electric and phone service to rural area customers.
The significant thing here would be whether, in these activities, R.E.A. is the agent of the United States and responsibile for the torts or takings of borrowers or, as here, of customers of the borrowers. This is such a remote possibility as to make the answer self-evident. These are not questions posed by the proposed order, however.
This case is most closely analogous to those where the Government makes grants in aid to states for highway construction, sewage treatment plants, etc. No liability on the part of the United States to those affected by the acts and omissions of the grantees has been found in those cases. Dart Indus., Inc. v. United States, 220 Ct.Cl. 607 (1979); D. R. Smalley & Sons v. United States, 178 Ct. Cl. 593, 597-98, 372 F.2d 505, 507, cert. denied, 389 U.S. 835 (1967).
Considering plaintiffs claim in the most favorable light, and assuming all his allegations to be true, there is still no way to read his petition to state a claim on which we can grant relief or of which we have jurisdiction. The posture of his claim will in no way be enhanced by answering the court’s questions. If plaintiff is prudent, he will not waste money in attorney fees to proceed further here but will sue his offending neighbor in a local state court. He wastes our resources and his own by any other course. In this era where the expense of asserting one’s legal remedies has put the legal process beyond the reach of many citizens, the court does itself no credit in encouraging fruitless litigation, and it does a great disservice to plaintiff here.
I dissent.
*739 On September 9, 1980 the court granted defendant’s motion to dismiss, and plaintiffs’ petition was dismissed for failure to file an amended petition within the time allowed.