Defendant United States has moved to dismiss the petition, and third party defendant City of Council Bluffs has moved for judgment on the pleadings. Both the United States and the City of Council Bluffs (the City) argue that this entire action should be definitively dismissed by us on jurisdictional grounds. Although we agree that the claims asserted by plaintiff are not within the jurisdiction of this court, we return this action to the district court where it was originally filed, rather than dismissing it entirely, and we therefore deny the motion to dismiss the matter outright.
This case was originally filed in the United States District Court for the Southern District of Iowa. Count One of that complaint[1] is based, upon plaintiffs request for judicial review of a decision by the City of Council Bluffs Urban Renewal Authority and the United States Department of Housing and Urban Development (HUD) to deny plaintiffs claim for payment of $125,227.00 (plus costs and *516 interest) in relocation costs allegedly due to plaintiff under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (the Act), 42 U.S.C. §§ 4601 etseq.[2]
By order of December 21, 1979, the district judge transferred Count One of the complaint to the Court of Claims because he found that, while plaintiff was entitled to judicial review of its claim, the district court was not the proper court for such review. This conclusion was reached on the ground that district courts have jurisdiction over monetary claims against the United States only when such claims do not exceed $10,000. See, 28 U.S.C. § 1346(a)(2). Since this claim is greatly in excess of that maximum jurisdictional amount, the district court transferred the action here rather than dismissing it. Because the order did not restrict the transfer to the allegations against the United States, we will treat the transfer as relating to Count One in its entirety; i.e., to the City as well as the United States.[3]
A. Because the motions to dismiss rest, at least partially, on different grounds, we will deal with them separately. With respect to the City, the issues relate to our jurisdiction over third party defendants. The City argues that dismissal is appropriate because we cannot render monetary judgments (in favor of plaintiff) against any defendant except the United States. The plaintiff argues that any jurisdictional challenge which the third party defendant might have made is waived because the City did not object to the transfer to this court, and also because the notice given to the City under Rule 41(aXl) is sufficient to give us jurisdiction over that party.
Pursuant to Court of Claims Rule 41(aXl), "[t]he court, on its own motion or on the motion of a party, may notify any person * * * who is alleged to have an interest in the *517 subject matter of any pending suit to appear as a party and assert his interest if any therein.” (emphasis added). Rule 41(a)(1) implements section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b). While this statute allows a third party to participate in litigation before this court, it does not grant us jurisdiction to render a judgment for the plaintiff against such a party.[4]
[T]he act is limited to situations in which the third-party defendants have an interest in a plaintiffs claim against the Government, which interest the third-party defendants might assert against the United States or as a defense to the plaintiffs claim, or in connection with which the United States might assert a claim against the third party. It does not embrace actions by plaintiff against third parties * * *. [Rolls Royce Ltd., 176 Ct. Cl. 694, 698, 364 F.2d 415, 417-18 (1966) (citations omitted)].
See also, Berkley v. United States, 149 Ct. Cl. 549, 554, 276 F.2d 9, 12 (1960) (claims between private parties are not within the jurisdiction of this court); Boyd v. United States, 207 Ct. Cl. 1, 4 n.1 (1975), cert. denied, 424 U.S. 911 (1976) (this court can enter judgments only against the United States); Uram v. United States, 216 Ct. Cl. 418, 420 (1978). These cases make it clear that we cannot render a judgment on behalf of plaintiff against the City, whatever the merits of plaintiffs claim against it.
Notwithstanding this established precedent prohibiting our jurisdiction over such claims, plaintiff argues, inter alia, that by failing to object to or appeal the district court’s decision to transfer this action, the City waived its right to challenge our jurisdiction, and is estopped from raising that issue at this time. However, in Berdick v. United States, 222 Ct. Cl. 94, 612 F.2d 533 (1979), the plaintiff contended that because his case had been transferred here by a district court we were compelled to rule on the merits of all issues raised there. We rejected that contention, holding that this court can evaluate its own jurisdiction at any time. Id. at *518 99, 612 F.2d at 536. See also, Rolls Royce, supra, 176 Ct. Cl. at 702, 364 F.2d at 420; Uram, supra, 216 Ct. Cl. at 420. Therefore, regardless of what actions plaintiff or the City took or failed to take in the district court, they were not sufficient in themselves to accord us the necessary subject matter jurisdiction over the plaintiffs claim against the City.
Plaintiff asks that if we find that we do not have subject matter jurisdiction over the City, that we return this case, as it applies to the third party defendant, to the district court from which it was transferred. We hold that, since we do not have jurisdiction over the claim against the City, it is appropriate and in the interest of justice to retransfer this case to the district court in order to allow plaintiff to litigate that claim further. 28 U.S.C. § 1506.[5]
b. We turn now to defendant United States’ motion to dismiss this action for failure to state a claim within the jurisdiction of this court.[6] Pursuant to our primary jurisdiction statute, 28 U.S.C. § 1491, this court has jurisdiction over
any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
Plaintiff takes the position that it has a claim against the United States based on an Act of Congress and regulations promulgated thereunder, i.e., the Uniform Relocation Assis *519 tance and Real Property Acquisition Policies Act of 1970,42 U.S.C. § 4601 et seq. and HUD regulations set forth at 24 C.F.R. § 42.1 et seq.[7] Since plaintiff has not paid money to the United States, it must establish a claim against the United States based on a law which grants it either "expressly or by implication a right to be paid a sum certain.” Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F.2d 1002, 1007 (1967). Unless the legislation relied on can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained, we can grant no relief under section 1491. Id. at 607, 372 F.2d at 1009.
Defendant’s position is that any mandatory compensation under the Act is owed by the state agency involved, not by the federal government, and that therefore this suit does not state a claim cognizable under section 1491. Plaintiff counters that the City’s Urban Renewal Authority was acting merely as an agent or manager for the federal government and accordingly this is actually a suit against the United States within our section 1491 jurisdiction.[8]
We reject plaintiffs argument for the reasons set forth in D.R. Smalley & Sons v. United States, 178 Ct. Cl. 593, 372 *520 F.2d 505, cert. denied, 389 U.S. 835 (1967). In Smalley, plaintiff was working on a highway construction project under contracts with the State of Ohio. Ohio was receiving federal funds in connection with such construction under the Federal-Aid Highway Acts. Plaintiff brought suit against the United States for damages allegedly resulting from various acts committed by state officials, claiming that, because of the ninety percent federal funding and the presence of federal standards, requirements, and right of contract approval, the federal government was the real party in interest, and as such was liable for all of the wrongful acts and omissions of its agent, the State of Ohio.
We rested our adverse decision in Smalley on the ground that the acts of the United States in passing the Federal-Aid Highway Acts, establishing various standards and other preconditions to state receipt of federal funding, and granting to a state or local agency of monies to carry out such a particular project, did not make the federal government liable under the Tucker Act to outsiders (like plaintiff here) for acts or omissions of the state or local parties which carry out such projects. Id. at 597-98, 372 F.2d at 507. "These grants are in reality gifts or gratuities * * * [and] [s]uch sovereign acts of defendant do not [create express or implied contracts between the contractor and the United States or] in any way make the State of Ohio [the federal government’s] agent as claimed by plaintiff.” Id. at 598, 372 F.2d at 507-08. See also, Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972).
The Smalley rationale applies to the present case, in which the federal government has made money available to the City’s Urban Renewal Authority to carry out various projects, and as a condition to receipt of such funding has put certain requirements on the local agency. The particular requirement at issue relates to certain payments that are to be made to persons displaced by federally-assisted projects. 42 U.S.C. § 4601 et seq. Pursuant to the terms of this part of the Relocation Act, the City’s Authority must agree to make relocation payments in order to receive federal funding, and will be reimbursed by the United States for such payments to the same extent that it receives federal funding for other project costs. 42 U.S.C. §§ 4630, *521 4631. As in Smalley, these grants made to the City Authority were in effect gifts conditioned on certain requirements made by the United States in its sovereign capacity, and as such they did not create a contractual relationship between plaintiff and the United States, or make the City the agent of the federal government in its dealings with plaintiff. Nor is there any other indication in the Relocation Act that payments were to be made to persons like plaintiff by the United States directly or otherwise than through authorized grants. Cf. Kyer v. United States, 177 Ct. Cl. 747, 751-52, 369 F.2d 714, 718 (1966), cert. denied, 387 U.S. 929 (1967); Hughes Aircraft Co. v. United States, 209 Ct. Cl. 446, 474-75, 534 F.2d 889, 906 (1976).[9]
Because plaintiff has failed to state a monetary claim against the United States within the jurisdiction of this court, and because we have no jurisdiction to render judgment on behalf of plaintiff against non-federal parties like the City of Council Bluffs, we dismiss the monetary claims in this court to that extent, and retransfer this action to the United State District Court for the Southern District of Iowa, Western Division, pursuant to 28 U.S.C. § 1506 (together with a certified copy of the record made here), for disposition of the plaintiffs monetary claim against the City and of plaintiffs non-monetary demands against the federal government, its agency, or its officials.
IT IS SO ORDERED.

 The District Court dismissed the remaining counts, and Count One therefore comprises the only cause of action before this court.

 The Act was designed "to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of Federal and federally assisted programs.” 42 U.S.C. § 4621.

 In order to bring the City in as a third party defendant in the action before this court, plaintiff filed a motion under Rule 41(a), and that motion was granted by the trial judge. Thus, while the transfer of the case may have technically applied only to the United States, the granting of the Rule 41 motion had the same effect as if the third party defendant had been automatically transferred as the district court apparently intended.

 If the Government had made a motion to have the court summon the City to answer a claim or contingent claim, and the City had failed to appear and answer the claim, judgment pro confesso could have been entered against it. Court of Claims Rule 41(a)(2) and (f); 41 U.S.C. § 114(b). However, where, as is the case here, the third party is not summoned pursuant to a motion by the United States, and the third party does not intervene, the court does not have the authority to render a judgment on behalf of the United States, for a claim or contingent claim by it. Court of Claims Rule 41(c); 41 U.S.C. § 114(b).

 Section 1606 allows transfer of cases within the exclusive jurisdiction of the district courts which have been "filed in the Court of Claims” and which meet certain other requirements. The Government incorrectly interprets "filed in the Court of Claims” to mean "initiated” in this court. This narrow, technical, reading of section 1506 is not in harmony with the remedial purposes of the statute, or the practice of this court. See, Berdick, supra, 222 Ct Cl. at 103-04, 612 F.2d at 538-39 (transfer of certainclaims back to the district court in which they were initiated is proper pursuant to 28 U.S.C. § 1506).

 While it is true that the United States correctly argued in the district court that, to the extent this action presents a monetary claim against the United States in excess of $10,000, exclusive jurisdiction rests in the Court of Claims, it specifically refused to admit that plaintiff had presented a claim against the United States. Defendant is not precluded from making that argument at this time. See also, Berdick, supra, 222 Ct. Cl. at 99, 612 F.2d at 536, and Southern Cal. Financial Corp. v. United States, 225 Ct. Cl. 104, 111-12, 634 F.2d 521, 525-26 (1980), cert. denied, 451 U.S. 937 (1981), which hold that this court is not estopped by prior positions in other tribunals from evaluating our own jurisdiction.

 Plaintiff also mentions several other possible bases for bringing this action under section 1491, but they are insufficient to give us subject matter jurisdiction over this action. First, plaintiff states that this case arises under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. This is not a statute granting jurisdiction; rather, it outlines the process for judicial review of certain agency actions. McGrath v. United States, 207 Ct. Cl. 978, 979 (1975).
Second, plaintiff mentions that a contractual relationship entitled it to recover against the United States. This bald allegation is not supported by any particularization and is not, without more, sufficient to state a contractual claim under section 1491. See, infra, and D.R. Smalley & Sons v. United States, 178 Ct. Cl. 593, 598, 372 F.2d 505, 508, cert. denied, 389 U.S. 835 (1967).
Finally, plaintiffs unsubstantiated and general assertion that "the Act and its regulations as applied by the defendants are unconstitutional and illegal * * does not present a claim for money damages under section 1491. Id. at 598-99,372 F.2d at 608.

 We are not persuaded by the two sections of the Relocation Act which plaintiff relies on to establish an agency relationship since they seem to be irrelevant to the particular circumstances of this case. 42 U.S.C. § 4628 names the state agency as agent for the United States when the agency acquires property for a federal program or project. This section, however, makes no reference to creation of a principal-agent relationship where the program involved is only a federally-assisted state program, as is the case here. Plaintiff also cites to 42 U.S.C. § 4631 which sets forth a requirement that a federal agency must make certain direct monetary contributions to cover relocation and other costs under the Act. However, these payments are only available for periods prior to the July 1972 mandatory effective date of the Act, and thus do not help plaintiff. In addition, section 4631 would not support plaintiffs position even if it were applicable. See, Smalley, supra, 178 Ct. Cl. at 696-98, 372 F.2d at 507-08.

 Although plaintiffs claim for Tucker Act money damages against the United States must fail, it is not barred by anything we decide from seeking non-monetary relief in the district court against federal officials (or possibly against the United States or its agency eo nomine) to review, set aside, and reverse a federal decision by HUD that the City did not owe the relocation expenses demanded by plaintiff. See, 5 U.S.C. § 702; 28 U.S.C. § 1331(a).