Plaintiff entered into construction contracts with four Farmers Home Administration (FmHA) mortgagors. The United States was not a party to the contracts, but monitored the progress of the construction to insure preservation of its security. Plaintiff now sues the Govern *627 ment for $48,000 upon an unjust enrichment theory. The Government has responded with a motion for summary judgment, arguing, essentially, the lack of an express or implied-in-fact contract between the parties. We agree. See Somerville Technical Services v. United States, 226 Ct.Cl. 291, 640 F.2d 1276 (1981). Moreover, as this court has stated: "Unjust enrichment cannot in itself be the basis for a recovery here, for it lacks the consensual element needed to find a contract implied in fact, and only provides support for the remedial device known as a contract implied in law, over which this court has no jurisdiction.” Cleveland Chair Co. v. United States, 214 Ct.Cl. 360, 364, 557 F.2d 244, 246 (1977).
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.[1]

 Plaintiff orginally commenced this action in the federal district court for Puerto Rico, which transferred the action here. In the course of its short order, the district court noted:
Defendants [FmHA] literally claim plaintiff has failed to allege any negligent or wrongful act or omission committed by defendants within the scope of employment necessary to sustain a Federal Tort claims action in Puerto Rico. We agree with defendant.
Velez v. Farmers Home Administration, Civil No. 79-1010 (D.P.R. Jan. 17, 1980).