Plaintiff G-Lam Corporation seeks reimbursement from the United States for sums owing to it under a contract it had with the Committee for Economic Improvement of Essex County [N.Y.] (CEI) for the construction and installation of a refrigeration unit for a bobsled run. This refrigeration project was partially funded by federal grants to CEI, and that is why G-Lam sues in this court. Defendant has moved for summary judgment on the ground that plaintiff is not in privity of contract with the United States, and is thus barred from maintaining the present suit. Plaintiff has not filed any opposition to defendant’s motion, but we grant defendant’s motion (without oral argument) and dismiss the *765 petition both as to plaintiff and the third-party International Telephone and Telegraph Corporation (ITT), a subcontractor of G-Lam on the refrigeration project.[1]
Plaintiffs petition says that CEI’s failure to pay sums owing to G-Lam and CEI’s termination of the project resulted from the actions of the United States in breaching and abandoning its commitment to CEI to fund the bobsled run project. We assume these allegations to be true arguendo, but plaintiff cannot recover from defendant in the absence of a showing that it had somé contractual connection with the United States. See Putnam Mills Corp. v. United States, 202 Ct.Cl. 1, 8, 479 F.2d 1334, 1337 (1973). Plaintiff has clearly failed to do this. It does not assert any express contract between it and the United States to construct the refrigeration unit. Rather, G-Lam apparently relies on an agency or third-party beneficiary theory to establish the requisite contractual relationship.[2] Numerous decisions of this court have rejected these theories in circumstances parallel to those here.
In D.R. Smalley & Sons, Inc. v. United States, 178 Ct. Cl. 593, 372 F.2d 505, cert. denied, 389 U.S. 835 (1967), the State of Ohio received federal funds pursuant to the Federal-Aid Highway Acts. That plaintiff filed suit against the United States for money due it for work performed on an Ohio highway project funded with such federal monies. Plaintiff, which had contracted, not with the United States, but with the State, sued the United States on the theory that the Federal Government was the real party-in-interest and that the State was merely acting as its agent. We held in *766 Smalley that the acts of the United States in enacting legislation, establishing standards, and granting funds to the states in pursuance of federal policies, did not make the United States liable to the plaintiff for acts or omissions of the state which carried out such projects. Id. at 597-98, 372 F.2d at 507-08. Accord, Somerville Technical Services v. United States, 226 Ct. Cl. 291, 298-99, 640 F.2d 1276, 1280 (1981); Housing Corp. of America v. United States, 199 Ct. Cl. 705, 710, 468 F.2d 922, 924 (1972); Peoples Apparel, Ltd. v. United States, 226 Ct.Cl. 515, 520 (1980).
It is clear from these cases that no agency relationship is created between the United States and state or local governments through the grant of federal funds to such entities. Accordingly, the grant made by the United States (through its Community Services Administration and Economic Development Administration) to CEI (a local agency) to fund the costs of the refrigeration project does not put plaintiff in privity of contract with the United States as a result of its contract with CEI.
G-Lam’s allegation that it was the intended beneficiary of the "contract” between CEI and the United States is equally unacceptable. First, there was no contract between CEI and the United States — there was only a grant, which is a "gift or gratuity,” not an enforceable contractual obligation. See Smalley, supra, 178 Ct. Cl. at 598, 372 F.2d at 507. Furthermore, the grants involved were more specifically to CEI and included no provisions creating any obligations of the United States to third parties. Nor was there any language in the contract between CEI and plaintiff indicating that such obligations were envisioned. In these circumstances, no rights or obligations run from the United States to third-party contractors of grant recipients such as plaintiff. See Housing Corp. of America, supra, 199 Ct. Cl. at 712-13, 468 F.2d at 925-26. Cf. United Electric Corp. v. United States, ante at 236, 647 F.2d 1082, cert. denied, 454 U.S. 863 (1981).
For these reasons, defendant’s motion for summary judgment is granted and the petitions of G-Lam and ITT (see note 1 supra)are dismissed.

 ITT has not filed a brief on the motion now before us, but it filed an intervening petition and an answer to plaintiffs petition. ITT’s claim in this court is for sums allegedly owing to it by G-Lam for work performed in connection with the refrigeration contract. ITT requests only that "any sums which may be recovered by G-Lam from the United States”, up to the sum allegedly owing to ITT, be held in trust for ITT’s benefit. Since we dismiss G-Lam’s suit by this order, G-Lam obviously will recover nothing from the United States, and no funds will exist upon which a trust in ITT’s behalf could be created. Therefore, ITT’s petition is also dismissed. See Akiba South Side Jewish Day School and Open Kitchens, Inc. v. United States, 221 Ct.Cl. 899, 903-04 (1979).

 Plaintiff alleges in its petition that the United States made a commitment to CEI to provide funding for the project, and that CEI’s role during the construction period was to serve "merely as a conduit” for funds supplied by the United States. Based on these allegations, plaintiff concludes that it was the intended beneficiary of the "contract” between CEI and the United States. No further facts in support of this contention are alleged.