Plaintiff, Marshall N. Dana Contruction, Inc. (Marshall), seeks reimbursement from the United States of funds it expended constructing public housing. Defendant moves for summary judgment based on lack of jurisdiction under the alleged facts.
Plaintiff was awarded a construction contract by the Warm Springs Housing Authority ( wsha) to build a low income public housing project, wsha was created by the Confederated Tribes of Warm Springs to receive federal housing funds as an Indian Housing Authority ( iha), the equivalent of a Public Housing Authority ( pha). This project was to be built with federal financial assistance under the United States Housing Act of 1937.[1] Plaintiff claims that wsha breached its contract with Marshall in *863 several particulars and, more generally, that the former unlawfully terminated the agreement, resulting in damages of $255,000 to plaintiff.
Marshall filed its claim initially in the United States District Court of Oregon against hud, the United States and the Housing Authority. The District Court first held that there was a federal question giving it jurisdiction over the claims and that wsha was not immune from suit. In a later ruling it transferred the action against the federal defendants here. The court noted that the plaintiff was suing for $255,000 but that HUD had retained only $73,349 of the funds set aside for the project.[2] Most of a possible recovery would have to come, therefore, not from funds controlled by HUD but from the United States Treasury. It was on that basis that the District Court made the transfer.[3]
In seeking to defeat the defendant’s motion for summary judgment, plaintiff makes arguments each of which has been rejected by recent decisions of this court involving similar, if not identical, facts and statutory schemes.
First, it is settled that there is no privity of contract between the U.S. and a public housing contractor based on the U.S. Housing Act. Correlated Development Corp. v. United States, 214 Ct. Cl. 106, 112-13, 556 F.2d 515, 519 (1977); Housing Corp. of America v. United States, 199 Ct. Cl. 705, 709-10, 468 F.2d 922, 924 (1972). That the Federal Government has intimate control over a project, including prior approval of plans and costs, does not establish liability here for claims by a contractor. Correlated Development Corp., 214 Ct. Cl. at 117-18, 556 F.2d at 522-23; D.R. Smalley & Sons v. United States, 178 Ct. Cl. 593, 598, 372 F.2d 505, 507, cert. denied, 389 U.S. 835 (1967). Nor does this degree of involvement indicate an implied-in-fact contract enforceable against the United States. Aetna Casualty & *864 Surety Co. v. United States, 228 Ct. Cl. 146, 153-54, 655 F.2d 1047, 1052 (1981); Somerville Technical Services v. United States, 226 Ct. Cl. 291, 296-97, 640 F.2d 1276, 1279-80 (1981). This is true even if the local agency is acting merely as a conduit for the federal funds. G-Lam Corp. v. United States, 227 Ct.Cl. 764 (1981). By funding and regulating programs designed for the public good the U.S. is acting in its role as a sovereign and the moneys promised are gifts or gratuities which do not establish any contractual obligation, express or implied, on the part of the United States. D.R. Smalley & Sons, 178 Ct. Cl. at 597-98, 372 F.2d at 507.
Second, this court has likewise rejected Marshall’s contention that the U.S. is liable to contractors because they are the intended third party beneficiaries of the contract between HUD and the local or state agency. See, e.g., Housing Corp. of America, 199 Ct. Cl. at 712-13, 468 F.2d at 925-26. No obligation to a third party is created even when the language in the contract provides, as does a provision in this Contributions Contract, that "funds have been reserved by the Government and will be available to effect payment and performance by the Purchaser.” Id. On the contrary, the language of standard § 510 of the Contributions Contract ( acc ) specifically denies third parties a right of action against the U.S.[4] See Correlated Development Corp., 214 Ct. Cl. at 114, 556 F.2d at 520.
Plaintiffs other points are similarly without merit. Because there is no agency relationship between the U.S. and the local authority there is no vicarious liability of the defendant for acts of the local body against the contractor. G-Lam, supra; D.R. Smalley & Sons, 178 Ct. Cl. at 598, 372 F.2d at 507-08. Unjust enrichment, claimed by plaintiff, requires a contract implied at law over which this court does not have jurisdiction. Aetna Casualty & Surety Co., 228 *865 Ct. Cl. at 164, 655 F.2d at 1059-60; Velez v. United States, 227 Ct.Cl. 626 (1981); Cleveland Chair Co. v. United States, 214 Ct. Cl. 360, 364, 557 F. 2d 244, 246 (1977). The mere transfer of the case to this court does not establish jurisdiction; we must always assess jurisdiction for ourselves. See Berdick v. United States, 222 Ct. Cl. 94, 99, 612 F.2d 533, 536 (1979) (vacated and modified on other grounds). Lastly, the defendant is not estopped from arguing lack of our jurisdiction because it may have urged lack of jurisdiction in the District Court based on jurisdiction here. See Peoples Apparel Ltd. v. United States, 226 Ct.Cl. 515, 518 n. 6 (1980).
Accordingly, without oral argument, the defendant’s motion for summary judgment is granted.
We do not, however, dismiss the petition entirely but rather retransfer the case to the U.S. District Court of Oregon, pursuant to 28 U.S.C. § 1506 (1976), for disposition of the plaintiffs claim against wsha and a determination of whether any of the funds out of which a potential judgment would be satisfied would come out of the Treasury or out of funds allocated to hud for the housing project. See Peoples Apparel, Ltd., supra, at 521. The issue of whether a favorable judgment for plaintiff in this suit would have to be recovered against a specific fund of hud’s or against the Treasury has been appealed by the plaintiff to the Ninth Circuit. Because the District Court does not have jurisdiction over claims against the Treasury exceeding $10,000, the result of that appeal will help to determine the District Court’s own jurisdiction. See FHA, No. 4 v. Burr, 309 U.S. 242, 249-50 (1940). It is possible, too, that because there is $73,349 undisbursed from hud to wsha the District Court may have jurisdiction over hud for that lesser amount. See the suggestion in Aetna Casualty & Surety Co., 228 Ct. Cl. at 158, 655 F.2d at 1056 n.16,1061-62. It may also be that, if it is found that the disbursement by hud during the pendency of the District Court suit were done to defeat District Court jurisdiction, then that court may possibly be able to assert jurisdiction over hud for the entire claim. See Marcus Garvey Square, Inc. v. Winston Burnett Construction Co., 595 F.2d 1126, 1131-32 n.3 (9th Cir. 1979).
*866 it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiffs petition in this court is dismissed in part, and the case is transferred to the United States District Court for the District of Oregon.

 42 U.S.C. § 1401, as amended by the Housing and Community Development Act of 1974, 42 U.S.C. § 1437 (1976). Under this Act, the Department of Housing and Urban Development ( hud) lends money to local agencies, known as public housing agencies (PHAs). These local agencies contract with developers for the construction of public housing. The relationship between the PHAs and hud is governed by an Annual Contributions Contract (ACC) which provides for the disbursement of the funds and requires, in general, that HUD regulations be followed.

 After suit was filed in District Court, but prior to any motion to dismiss on the part of the federal government, hud continued to pay out funds to wsha. It paid out during the pendency of the suit, according to the plaintiff, approximately $200,000, leaving only the $73,349 balance. Plaintiff alleges that this was done to defeat the jurisdiction of the District Court.

 The District Court’s decision has been appealed to and is pending before the United States Court of Appeals for the Ninth Circuit. Trial Judge Spector initially granted a stay pending the outcome of that appeal. On July 14, 1981, the trial judge vacated the stay order and ordered the parties to proceed. Defendant’s motion for summary judgment was then filed.

 "Sec. 510. Rights of Third Parties
(A) The Government covenants and agrees with and for the benefit of the holders from time to time of the Bonds and of interest claims thereunder, that it will pay the annual contributions pledged as security for such Bonds and interest pursuant to this Contract. To enforce the performance by the Government of this covenant such holders, as well as the Local Authority, shall have the right to proceed against the Government by action at law or suit in equity.
(B) Nothing in this Contract contained shall be construed as creating or justifying any claim against the Government by any third party other than as provided m subsection (A) of this Sec. 510.” [emphasis added.]