Plaintiff, Dr. Jogananda Hazra, was an employee of the Research Foundation, a non-profit corporation affiliated with the State of New York (but not a federal or state agency). In August 1974, the Environmental Protection Agency (epa) (a federal agency) entered into an Assignment Agreement with the Research Foundation under which Dr. Hazra was to be detailed to a particular laboratory of epa (in North Carolina) for a two-year period. This agreement was made under the Intergovernmental Personnel Act of 1970 ("ipa Act”), 5 U.S.C. §§3371-76. The Agreement provided that, while plaintiff remained an employee of the Research Foundation during this assignment, epa was to reimburse the Research Foundation for his salary.[1] The plaintiff began work at the epa facility on August 5, 1974. On May 30, 1975, epa informed the Research Foundation that it (epa) desired to terminate the Assignment Agreement effective June 30,1975. The Agreement was terminated by mutual consent as of that date.
Dr. Hazra first sued certain epa employees in the United States District Court for the Eastern District of North *836 Carolina. That action was dismissed without prejudice to reinstatement, and plaintiff then filed another suit there against the United States. Under pressure from that court (which was of the view that this court had exclusive jurisdiction), plaintiff filed suit here and dismissed the District Court suit.
Defendant moves for summary judgment on several grounds. Plaintiff insists on his right to a trial. We hold, without oral argument, that (a) plaintiff has failed to state a claim for breach of contract, express or implied in fact; (b) he was not a federal employee; and (c) we have no jurisdiction over other aspects of plaintiffs claims.[2]
A. The Assignment Agreement was expressly between epa and the Research Foundation, not between epa and plaintiff. He was not a party to it but merely signed a statement that he understood its terms. On the face of the document, he personally had no contract with the United States. Cf. Marshall N. Dana Construction, Inc. v. United States, 229 Ct.Cl. 862 (1982), and cases cited. Nor was he a third-party beneficiary of the Agreement which simply concerned the parties’ inter se arrangement as to the utilization of his services.
Plaintiff asserts, however, that he had conversations with an official of the federal laboratory (to which he was to be assigned) that amounted to an oral contract with the Federal Government to use his services. He wishes a trial to prove these assertions. The simplest answer is that the official he names (Dr. Santolucito) had no authority whatever to contract with him on behalf of epa. Moreover, Dr. Santolucito specifically denies making, or, intending to make, any such contract, and plaintiff relies, almost entirely, on his own conclusory affirmations that such a contract was made. The few hard facts he alleges — including that Dr. Santolucito wanted his services and both understood he was to remain at epa for the full two years— are too meager to found a triable issue as to the existence of the implied contract he desires to prove, or even that he was a third-party beneficiary of the Agreement between defendant and the Research Foundation. He can escape *837 summary judgment only by proffering (which he has failed to do) more detailed indications of an actual agreement with him or for his specific benefit.
B. It is likewise plain that Dr. Hazra never became a federal employee. The Assignment Agreement indicated clearly that he was on "detail” from the Research Foundation, and was not on "appointment” by the Federal Government. This type of detail was expressly authorized by Section 404 of the ipa Act, supra, and Congress intended that such a detailee remain a state or local employee. The Assignment Agreement itself made clear that this was so in Dr. Hazra’s case.
C. Finally, we have no jurisdiction over those aspects of the petition which claim tortious action on the part of epa or EPA officials. Plaintiff seems to think he can hitch his tort claims to his contract claims, but this view is incorrect and in any event we have held, supra, that he has no contract claims vindicable in this court. As for any non-tortious claim that he is entitled to damages because epa unconstitutionally (it is alleged) terminated the Assignment Agreement in violation of the Due Process Clause, it is enough to say that we have no jurisdiction to grant damages based solely on violations of that constitutional provision.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.

 It was also provided that plaintiff was not to be eligible for any federal benefits during the assignment and that New York would maintain his fringe benefits.

 We do not reach the defense of laches.