NIES, Circuit Judge,
dissenting.
In my view the Claims Court has jurisdiction over appellant’s claim for compensation for extra work resulting from specifications which were defectively prepared by RLA. I would, accordingly, remand for a trial on such claims. Such claims do not, in my view, require written change orders or fall within the limitation of available loan funds. I agree those requirements apply where the loan applicant makes changes thereby creating liability to the contractor for amounts over the contract price. However, it would be wholly inequitable to force a loan applicant to assume a liability greater than specified in the construction contract, where such increase resulted solely from the Government’s mistakes in determining what needed to be done to meet *874 minimum code requirements. I find the claims against the Government to be wholly independent of the borrower’s obligations, and, thus, the provisions of Section 108.C, inter alia, are immaterial.
RLA was the agent of HUD by contract and, specifically, was authorized to prepare the construction contracts. Rehabilitation had to meet minimum code requirements for Government-backed financing. Having prepared the construction contract, RLA then solicited bids and selected or assisted the loan applicant in selecting a contractor. Such contractors had a right to have their bids fairly and honestly considered. Privity is, thus, established between appellant and the Government. Keco Industries, Inc. v. United States, 428 F.2d 1233 (Ct.Cl.1970). That implied-in-fact contract, in my view, includes a warranty by the Government that the specifications were adequate to make the property eligible for placement of the Government loan. To the extent that such warranty was breached, I would hold the Government liable. United States v. Spearin, 248 U.S. 132, 39 S.Ct. 59, 63 L.Ed. 166 (1918).
D.R. Smalley & Sons v. United States, 372 F.2d 505 (Ct.Cl.1967), is not contrary. In Smalley a contractor attempted to hold the Government liable for acts of the party with whom it had an express contract funded by the Government. Appellant here is not seeking to impute the wrongdoing of a property owner or tenant to the Government, but merely seeks to hold the Government responsible for its own acts.
Finally, I do not agree that the law of the case precludes reversal. The previous opinion of the Court of Claims specifically states that all arguments were to be considered on remand. Its direction that certain issues be addressed does not foreclose other issues. Since I read the trial judge’s decision as holding that “the law of the case” limited the issues to be tried, I would remand for completion of the trial.