**Johnny C. MORGAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 02–1630C.

United States Court of Federal Claims.

March 25, 2003.

Terry L. Wood, Corinth, Mississippi, for plaintiff.

Michael D. Panzera, United States Department of Justice, for defendant. With him on the briefs were Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Sue Golabek, United States Department of Agriculture, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action for breach of contract. Pending are the defendant's motion to dismiss for lack of jurisdiction and plaintiff's motion to amend the complaint. The motion to dismiss is fully briefed. Further briefing on the motion to amend is deemed unnecessary, as is oral argument. For the reasons set out below, the motion to amend is denied and the motion to dismiss is granted.

## BACKGROUND

Plaintiff, Mr. Johnny C. Morgan, owns a crop-dusting service in Ripley, Mississippi.

---

He entered into contracts in 1998, 1999, and 2000 for crop-dusting services with Southeastern Boll Weevil Eradication Foundation, Inc., a non-profit corporation organized in 1988 under the laws of the State Of Alabama. The services were to be performed in and around Hardeman County, Tennessee. The complaint alleges that the Foundation improperly terminated the contract.

The character of the Foundation is important to the outcome here, as defendant's motion claims that the suit lacks jurisdiction because it is not directed against the United States, as it must be in this court. *See* 28 U.S.C. § 1491(a)(1) (2000). The Foundation has its roots in 7 U.S.C. § 1444a(d) (2000), which authorizes the Secretary of Agriculture to "carry out programs to destroy and eliminate cotton boll weevils in infested areas of the United States." The statutory scheme envisages federal money granted to state and local entities who will be "responsible for the authority necessary to carry out the operations or measures." 7 U.S.C. § 148 (repealed in 2000 and replaced by 7 U.S.C. § 7751(b)). The boll weevil eradication program is administered by USDA's Animal and Plant Health Inspection Service ("APHIS").

APHIS has entered into a Cooperative Agreement with the Foundation. APHIS provides thirty percent of the Foundation's costs, and the agreement outlines respective rights and duties. The balance of the funds used by the Foundation comes from industry. After 1996, APHIS' role is limited to monitoring progress, providing technical advice, and giving guidance regarding use of federal funds. APHIS has transferred federal property, such as radios and vehicles, to the Foundation, but it does not supervise how the Foundation uses its equipment.

It is undisputed that plaintiff's contract was with the Foundation, and not the Department of Agriculture or APHIS. Nor was APHIS involved in decisions made by the Foundation in connection with plaintiff's services.

After termination, plaintiff sued Hardeman County and the Foundation in the United States District Court for the Western District of Tennessee pursuant to 42 U.S.C. § 1983 (2000), alleging violations of rights under the Fifth and Fourteenth Amendments to the Constitution, and alleging breach of contract by the Foundation. The Foundation sought dismissal of the contract claim on the ground that it should be brought in this court and sought dismissal of the § 1983 claim because the Foundation was allegedly a federal agency, not amenable to suit. The district court agreed with the Foundation on both counts and dismissed the complaint for lack of jurisdiction. It held that, "Because [the Foundation] is furthering a Congressional mandate and is under Federal governmental control as to how that mandate is carried out" it was a federal agency for purposes of eradication activities. It was thus entitled to protection under § 1983 as "the sovereign." The court dismissed the contract claims on the ground that the claim was within this court's exclusive jurisdiction pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613 (2000). The court did not, however, transfer the matter here.

Plaintiff has now brought a complaint in this court, suing the Foundation. After defendant filed its motion to dismiss, plaintiff sought leave to file an amended complaint which, it asserts, would cure any potential jurisdictional shortcomings of the first complaint.

## DISCUSSION

It is understandable that plaintiff brought this action in this court, concluding from the district court opinion that this is the proper forum. Unfortunately for plaintiff, we respectfully disagree with the district court's assessment of our jurisdiction.

For purposes of evaluating the claim, we will assume that the grounds for jurisdiction have been restated as set out in the proposed amended complaint. That formulation does not assist plaintiff, however.

The proposed amended complaint properly is captioned against the United States, and asserts that it acted through the Foundation. The complaint, if amended, would assert jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), specifically through a contract with the United States. This court is indeed

a proper forum to address contract claims against the United States. To the extent the contract is not subject to the CDA and the claim is for damages in excess of $10,000, as is the case here, it is the exclusive judicial forum, *see* 28 U.S.C. § 1346(a)(2). If the contract is subject to the CDA, irrespective of the amount sought, the court is the only judicial forum, although the appropriate board of contract appeals would have concurrent jurisdiction. *See* 41 U.S.C. §§ 607, 609.

The district court dismissed, in part, on the grounds that the contract was subject to the CDA and thus had to be brought here to obtain judicial review. The subject matter of the contract-crop dusting services—would, indeed, seem to fall within the sweep of the CDA. *See* 41 U.S.C. § 602(a)(2). If that were the case, plaintiff would face a preliminary obstacle-he would first have to obtain a decision by a contracting officer, presumably of the Department of Agriculture. As defendant points out, this is a jurisdictional requirement. *See* 41 U.S.C. § 605. Such a decision was not obtained and the case would need to be dismissed without prejudice until a decision was obtained.

We decline to rely on that ground, however, as it does not address the more basic problem with the suit. The district court, in addressing plaintiff's civil rights claim against the Foundation under 42 U.S.C. § 1983, concluded that the Foundation enjoyed immunity as a federal agency under that provision. The indicia relied on by the court were that the Foundation was organized in response to federal legislation, received federal grant funds, and was subject to federal regulatory requirements. In addition, it concluded that there was no express waiver of immunity opening up the Foundation to suit.

While these considerations may be relevant under § 1983, we conclude that they are far from sufficient to establish that the Foundation is an agency of the United States. The relevant question, certainly in the present context, is whether there is privity between the United States and plaintiff. This must be found in a direct contractual relationship between two parties, one of whom is the United States. The only two possible candidates for such a contract are the Cooperative Agreement between the Department of Agriculture and the Foundation and the crop dusting contract between plaintiff and the Foundation.

The Cooperative Agreement contains the proper defendant—the United States, acting through an entity of the Department of Agriculture (APHIS)—but plaintiff is not a party to that agreement. That agreement, even if it had the characteristics of a contract, does not address plaintiff's crop dusting obligations. The second contract—between plaintiff and the Foundation—is the more promising candidate, but only if the Foundation is an agency of the United States.

Defendant approaches the problem through the definitional provisions of the CDA. It points out that the CDA applies to contracts entered into by "executive agencies," 41 U.S.C. § 602(a), but the Foundation does not meet the definition of executive agency in § 601. Defendant's argument is correct, so far as it goes. The subject matter of the present contract-services-comes within the terms of the CDA, the CDA only applies to executive agencies, and the Foundation is not an executive agency. This only keeps the court from hearing the case under the CDA. As explained above, CDA jurisdiction is only a subset of the court's larger Tucker Act jurisdiction, which includes contracts not subject to the CDA. The real question, in short, is whether the Foundation is "the United States" for purposes of § 1491(a)(1).

■ It is not. The Foundation is a non-profit corporation organized under the laws of the State of Alabama. It is not a federally chartered corporation. The fact that the Foundation complies with a federally-mandated regulatory scheme in spending federal monies does not convert it into an agency of the government. As defendant correctly points out, it is well settled that federal control and supervision do not convert a private entity or an instrumentality of local government into the United States for purposes of determining privity of contract. *See D.R. Smalley & Sons, Inc. v. United States,* 178 Ct.Cl. 593, 597–98, 372 F.2d 505, 507–08, *cert. denied,* 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967).

What we have said should not be taken to imply our disagreement with the district court's assessment that it did not have jurisdiction over a contract claim against the United States. In that respect we agree. If this were a contract claim against the United States, it would not properly be brought in district court, as plaintiff sought more than $10,000, and, in any event, the subject would seem to fall within the CDA. For that reason, transfer pursuant to 28 U.S.C. § 1631 would be pointless.

## CONCLUSION

The contract between plaintiff and the Foundation does not establish privity of contract with the United States. In the absence of a colorable claim against the government, the action must be dismissed. The motion to amend is denied as moot. The Clerk is directed to dismiss the complaint for lack of jurisdiction. No costs.