SENATE MANOR PROPERTIES, LLC, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant–Appellee.

No. 2008–1484.

United States Court of Appeals, Federal Circuit.

Aug. 25, 2008.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

## ON MOTION

SCHALL, Circuit Judge.

### ORDER

Senate Manor Properties, LLC moves for an injunction, pending appeal, to direct the United States Department of Housing and Urban Development (HUD) "to continue making subsidy payments on behalf of Senate Manor's tenants." HUD opposes and moves to summarily vacate the order of the United States District Court for the Southern District of Indiana that transferred the underlying action to the United States Court of Federal Claims. Senate Manor replies.

Senate Manor originally filed a complaint in the district court seeking declaratory and injunctive relief, based on an alleged contract with HUD. Senate Manor moved for a preliminary injunction. Based upon the complaint's assertion of a contract between Senate Manor and HUD, HUD moved to dismiss or transfer the action to the Court of Federal Claims.

Thereafter, Senate Manor filed an amended complaint seeking declaratory and injunctive relief. In its amended complaint, filed on the day before the district court's hearing on HUD's motion to dismiss or transfer, Senate Manor asserted instead that it currently had a 2005 Housing Assistance Payment (HAP) contract with the Indiana Housing and Community Development Authority (IHCDA), a public housing agency (PHA), and that HUD was not a party to that contract. Senate Manor stated that it sought review, pursuant to the Administrative Procedure Act (APA), of HUD's asserted refusal to continue making payments to IHCDA. Apparently, after inspections of Senate Manor Apartments, which Senate Manor operates, HUD decided to refuse to continue making payments to IHCDA which IHCDA then provides to Senate Manor and to residents of Senate Manor Apartments.

At the motion hearing, HUD asserted that although the amended complaint mentioned that the 2005 HAP contract was between Senate Manor and IHCDA, HUD was nonetheless a party pursuant to provisions concerning "renewal" in the 2005 HAP contract and because HUD had been a signatory to previous HAP contracts. Senate Manor disagreed and stated that the provisions concerning renewal contracts did not make HUD a party to the contract. At the motion hearing, HUD requested additional time to address how the 2005 HAP contract might affect the jurisdictional issues. The district court entered its order transferring the case on the next day. Senate Manor moved for reconsideration and HUD opposed. The district court denied Senate Manor's motion for reconsideration of the transfer order and also denied Senate Manor's motion for an injunction. The district court's denial of Senate Manor's motion for an injunction was based, inter alia, on its deter-

mination that it lacked jurisdiction over the case.

Senate Manor appeals the transfer order and moves for an injunction pending disposition of its appeal of the transfer order. HUD concedes error in its arguments made to the district court and in the district court's transfer order. HUD now adopts the majority of Senate Manor's jurisdictional arguments that Senate Manor made to the district court when Senate Manor opposed the motion to dismiss or transfer. Based upon that concession of error, HUD moves to summarily vacate the district court's transfer order. HUD opposes Senate Manor's motion for an injunction pending appeal.

Although the district court recognized that HUD was not a signatory to the 2005 HAP renewal contract, it held that HUD was nonetheless a party to the contract because (1) the 2005 HAP renewal contract provided that it was renewing all provisions of the previous contract that were not specifically modified, and (2) the 2005 HAP renewal contract "indicates that HUD requirements apply and that funding for subsidy payments is made through HUD." We turn to those bases for the district court's transfer order.

We have jurisdiction to review the district court's order transferring this action to the Court of Federal Claims pursuant to 28 U.S.C. § 1292(d)(4)(A) (providing exclusive jurisdiction to review a district court order "granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims pursuant to section 1631 of this title"). In turn, 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of

jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Because the underlying issue is jurisdictional, we review de novo a district court's order transferring a case to the Court of Federal Claims. *Acceptance Ins. Cos., Inc. v. United States,* 503 F.3d 1328, 1332 (Fed.Cir.2007).

Section 3a(1) of the 2005 HAP renewal contract provides that it is a contract "between the contract administrator and the owner of the housing." IHCDA is the signing party on that document in the location where the contract provides for signature by the "Contract Administrator (HUD or PHA)." HUD is not identified as the contract administrator. Instead, HUD states that it makes payments to IHCDA pursuant to a separate annual contributions contract between HUD and IHCDA.

Regarding the first basis for the district court's order, that HUD was a party to the 2005 HAP renewal contract because certain terms of the previous contract were renewed, the district court agreed with HUD's initial argument that a section of the renewal contract provided that the terms of the expiring HAP contact (to which HUD was a signatory) were renewed and thus HUD was a party to the 2005 HAP renewal contract. However, section 4a of the 2005 HAP renewal contract stated that terms of the expiring HAP contract were renewed "[e]xcept as specifically modified by the Renewal Contract. . . ." HUD now argues, as did Senate

Manor below, that the terms of the expiring contract are specifically modified to the extent that IHCDA, and not HUD, is now the contract administrator, and thus section 4a does not renew HUD as a contract administrator for the contract.

The district court also suggested, at HUD's urging, that if there was an assertion that the contract had been assigned by HUD to IHCDA, then pursuant to section 3a(2) of the 2005 HAP renewal contract "HUD shall remain a party to the provisions of the Renewal Contract that specify HUD's role pursuant to the Renewal Contract...." However, the provision regarding assignment of a renewal contract only applies "[i]f HUD is the contract administrator" in the renewal contract. Here, HUD was not the contract administrator in the renewal contract and thus could not "assign" the renewal contract; HUD states that it was instead the contract administrator for the expired contract.

Regarding the second basis for the district court's order, that HUD was a party to the 2005 HAP renewal contract because that contract "indicates that HUD requirements apply and that funding for subsidy payments is made through HUD," we held in a similar case involving a contract between a state PHA and a property developer that "a grant of benefits and subsequent oversight by HUD is insufficient to establish a contractual obligation between [a developer] and the government." *Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed.Cir. 1994). There is no contract created between the property developer or owner and the government even though the PHA "is acting merely as a conduit for the federal funds." *Id.* (quoting *Marshall N. Dana Constr., Inc. v. United States*, 229 Ct. Cl. 862, 864 (1982)). *See also Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1059–60 (Fed.Cir.1995) (explaining

that *Katz* involved a contractor who was in privity with a local agency that administered a federal program and that "HUD's grant of benefits and subsequent oversight of the local administering agency in *Katz* did not establish a contractual relationship with the builder.").

Absent privity of contract between Senate Manor and the government, *see National Leased Hous. Assoc. v. United States*, 105 F.3d 1423, 1435–36 (Fed.Cir. 1997) (property owners who contracted with a PHA rather than with HUD had no privity of contract with HUD), the Court of Federal Claims would not have jurisdiction over this action under the Tucker Act. *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed.Cir.1998) (for the Court of Federal Claims to have jurisdiction over a Tucker Act claim based upon a contract, there must be privity of contract between the plaintiff and the United States government). Thus, we determine that the district court erred in transferring the complaint to the Court of Federal Claims.

Further, because our conclusion undercuts the district court's consideration of Senate Manor's motion for an injunction, the order denying the injunction is vacated and the case is remanded for further proceedings. Because HUD has agreed with this disposition of the appeal, and thus we anticipate no petition for rehearing, we shorten the time for any petition for rehearing and issuance of the mandate so that the case may promptly be transmitted back to the district court. *See* Fed. R.App. P. 40; Fed. R.App. P. 41 (court may shorten times for filing a petition for rehearing and for issuance of the mandate).

Accordingly,

IT IS ORDERED THAT:

(1) HUD's motion to summarily vacate is granted. The district court's order transferring this case to the Court of Federal Claims and the district court's order denying Senate Manor's motion for an injunction are vacated and the case is remanded for further proceedings.

(2) Costs are awarded to Senate Manor.

(3) Senate Manor's motion for an injunction pending appeal is moot.

(4) Absent the filing of a petition for rehearing, the mandate shall issue on the seventh calendar day following the date of filing of this order.