*894 This contracts case comes before the court on the defendant’s motion for summary judgment. As we conclude that no express or implied contract has been established between plaintiff and the United States, we grant defendant’s motion.
This suit is based upon an alleged contract between plaintiff Aries Information Systems, Inc. (AISI) and Sacramento Concilio, Inc. (SCI). Under this contract AISI agreed to furnish data evaluation services for a program on aging administered statewide by SCI and paid for by a grant to SCI from the Administration on Aging of the Department of Health, Education and Welfare. While AISI apparently fully performed its duties under the contract, it received from SCI only one half of the contract price in payment. It seeks reimbursement from the United States on the theory that SCI merely acted as agent for the United States in entering into the contract with AISI, and thus is liable to AISI as principle for the remaining one-half of the contract price.
It is well established in this court that in the law of government contracts, a plaintiff cannot recover from defendant in the absence of a showing that it had some contractual connection with the United States. Putnam Mills Corp. v. United States, 202 Ct.Cl. 1, 8, 479 F.2d 1334, 1337 (1973). The plaintiff does not point to any express contract with the United States to furnish its evaluation services. Instead, it seeks to establish the required contractual relationship in reliance on an agency theory, by virtue of its understanding that it was to be paid from funds granted by defendant’s Administration on Aging. This agency theory has been rejected in cases similar to the present situation in numerous decisions by this court.
In D. R. Smalley & Sons, Inc. v. United States, 178 Ct.Cl. 593, 372 F.2d 505, cert. denied, 389 U.S. 835 (1967), plaintiff brought suit against the United States on an agency theory for work done for the State of Ohio on a highway project funded by the Federal-Aid Highway Acts. The plaintiff asserted that because the Government established contractual standards and requirements and expressly approved the final contracts and any changes made, it was the real party-in-interest and should be liable as principle in any *895 contracts made by the State of Ohio. We rejected plaintiffs contention in Smalley, holding that the acts of the United States in enacting legislation, establishing standards, and granting funds to the states in pursuance of federal policies, did not make the United States liable to the plaintiff for acts or omissions of the state which carried out such projects. Id. at 597-98, 372 F.2d at 507-08. Accord, Housing Corp. of America v. United States, 199 Ct.Cl. 705, 468 F.2d 922 (1972).
Most recently, in G-Lam Corp. v. United States, 227 Ct.Cl. 764 (1981), we considered the agency theory in the context of government funding of a local agency’s refrigeration project. Once again we rejected this theory, saying "[i]t is clear from these cases that no agency relationship is created between the United States and state or local governments through the grant of federal funds to such entities.” Id. at 766. In addition, we disposed of the contention that plaintiff was in contractual privity with the United States as a third-party beneficiary of the grant to the local agency. G-Lam at 766. There we held that a grant is merely a "gift or gratuity” and as such, imposes no enforceable contractual obligation on the U.S. Government. Thus, no rights or obligations run to third-party contractors of grant recipients. Id.
The present situation appears to present an even weaker case than the foregoing cases for finding a contractual relationship with the United States on an agency theory. In Smalley, the Government was involved with the contractor to the extent of establishing standards, approving contracts, and conducting subsequent inspection under the Federal-Aid Highways Act. Smalley, 178 Ct.Cl. at 596-97, 372 F.2d 506-07. There is no evidence in the present case that the United States was involved in any way in the contractual arrangement between AISI and SCI, and plaintiff has failed to file a reply brief indicating otherwise. The grant application makes no mention of the existence of any such contract. Plaintiffs sole contention is that it understood that it would be paid from funds granted by the Government. We conclude, therefore, that the agency theory is inappropriate to establish the required contractual rela *896 tionship between AISI and the United States so as to permit a contract claim to be brought in this court.
Neither has the plaintiff established any facts that would justify its claim on the basis of an implied contract with the United States. In order for such a contract to constitute a claim in this court, it must be one implied-in-fact and not one based merely on equitable considerations and implied in law. United States v. Minnesota Mut Invest. Co., 271 U.S. 212, 217 (1926); Algonac Manufacturing Co. v. United States, 192 Ct.Cl. 649, 428 F.2d 1241 (1970). The general rule in government contract law is that an implied-in-fact contract is founded "upon a meeting of the minds, which, although not embodied in an express contract, is inferred . . . from the conduct of the parties showing . . . their tacit understanding.” Baltimore & Ohio RR v. United States, 261 U.S. 592, 597 (1923); Algonac, supra, at 673-74, 428 F.2d at 1255; Somali Development Bank v. United States, 205 Ct.Cl. 741, 508 F.2d 817 (1974).
The present plaintiff, AISI, has alleged no facts in its complaint that would lead us to infer an implied contract between AISI and the United States. It has failed to show that the Government participated in any way in the contract transactions. There was no meeting of the minds inferred from the conduct of the parties nor a tacit understanding. In addition, the grant award to SCI from the Department of Health, Education and Welfare does not indicate that the Government was even aware of the contract between AISI and SCI. Under these circumstances we cannot find that the plaintiff has established the existence of either an express or an implied contract on which to base its claim against the United States.
Accordingly, it is therefore ordered that after consideration of the record and the parties’ submissions, but without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.