UNITED STATES of America,
Plaintiff-Appellee,

v.

PLEASURE DRIVEWAY AND PARK
DISTRICT OF PEORIA, ILLINOIS,
et al., Defendant-Appellant.

No. 13976.

United States Court of Appeals
Seventh Circuit.

March 13, 1963.

Rehearing Denied April 10, 1963.

John E. Cassidy, Jr., Peoria, Ill., for appellant.

Edward R. Phelps, U. S. Atty., Springfield, Ill., Richard E. Eagleton, Asst. U. S. Atty., Peoria, Ill., Ramsey Clark, Asst. Atty. Gen., S. Billingsley Hill, Attorney, Lands Division, U. S. Department of Justice, Washington, D. C., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, SWYGERT, Circuit Judge, and GRANT. District Judge.

GRANT, District Judge.

Plaintiff, United States of America, brought this condemnation proceeding pursuant to authority of the general condemnation statute (40 U.S.C.A. § 257), and the Federal-Aid Highway Act (23 U.S.C.A. § 107), to acquire 12.127 acres of land in the city of Peoria, Illinois, being a portion of a 147 acre municipal park belonging to the defendant, Pleasure Driveway and Park District of Peoria, Illinois (appellant), for use in the construction of Interstate Highway Route 74 as a part of the Interstate System contemplated by Section 103(d) of Title 23 U.S.C.A.

The defendant owner of the land, by its Answer, challenged the authority of the plaintiff to condemn, for highway purposes, lands which were already publicly owned and devoted to the public use.

There being no dispute as to the facts, defendant's Answer was treated as a Motion for Summary Judgment; affidavits and briefs were filed, a hearing was held, and upon consideration thereof the District Judge denied defendant's Motion and ordered delivery of possession of the property in suit to the United States. From that judgment the defendant brought this appeal.

Prior to this action, the State of Illinois had sought to acquire this identical land in a condemnation proceeding filed in the Circuit Court of Peoria County, Illinois, and for the very same Interstate Highway program use. The defendant moved to dismiss that action, and, as

here, alleged that the State of Illinois, through its Department of Public Works and Buildings, had no power to condemn for public purposes, public lands already devoted to the public use. After hearing, defendant's Motion was granted and that State Court action ordered dismissed. The Department of Public Works took no appeal.

The dismissal of that action by the Circuit Court of Peoria County was, apparently, based upon Department of Public Works and Buildings v. Ells, 23 Ill.2d 619, 179 N.E.2d 679. In the Ells case, supra, the Supreme Court of Illinois held that a general grant of eminent domain power to the Department of Public Works and Buildings does not authorize the Department to condemn property already devoted to the public use, and thus, that the Department was without authority to condemn school lands devoted to the public use for purposes of the Federal Aid Interstate Highway System.

Following dismissal of its action in the Peoria Circuit Court the Department of Public Works and Buildings requested the Secretary of Commerce to acquire the lands in question under the provisions of 23 U.S.C.A. § 107(a),[1] which authorizes the Secretary to condemn land for the Interstate System, upon request by a State, if he determines "either that the State is unable to acquire necessary lands * * * or is unable to acquire such lands * * * with sufficient promptness." Upon such a determination by the Secretary this action followed.

Defendant-appellant contends that: (1) the Illinois Department of Public Works has already been held to lack authority to condemn this property and that, therefore, the Department lacks authority to request Federal condemnation of the land, and (2) the Federal power of eminent domain under the Interstate Highway program is no greater than that of the Illinois Department of Public Works, because it can only be used upon request of such Department and the Illinois General Assembly has not itself requested or authorized a request for condemnation of lands already devoted to public use.

The Illinois General Assembly had enacted legislation indicating the State's participation in the Federal Aid Highway program,[2] assenting to the "provi-

1. 4. That section provides, in pertinent part:

"In any case in which the Secretary is requested by a State to acquire lands or interests in lands (including within the term 'interests in lands', the control of access thereto from adjoining lands) required by such State for right-of-way or other purposes in connection with the prosecution of any project for the construction, reconstruction, or improvement of any section of the Interstate System, the Secretary is authorized, in the name of the United States and prior to the approval of title by the Attorney General, to acquire, enter upon, and take possession of such lands or interests in lands by purchase, donation, condemnation, or otherwise in accordance with the laws of the United States (including the Act of February 26, 1931, 46 Stat. 1421), if—

"(1) the Secretary has determined either that the State is unable to acquire necessary lands or interests in lands, or is unable to acquire such lands or interests in lands with sufficient promptness; * * *." 23 U.S.C.A. § 107(a).

2. 2. Ill.Rev.Stat.1961, c. 121, Sec. 3–101 et seq.

"The General Assembly, constituting the Legislature of the State of Illinois, assents to the provisions, terms, conditions and purposes of the Federal Aid Road Act as defined in this Code.

"In the location of highways which will be a part of the National System of Interstate and Defense Highways * * * existing highways of the State highway system * * * shall be used to the extent as the Department finds such use is practicable, suitable and feasible. The selection of such locations shall be made as provided in Section 3–103 of this Code." Sec. 3–101.

Section 3–103 provides in part:

"The Department is authorized and instructed to enter into all agreements with the designated authority of the United States Government relating to the selection, construction and maintenance of highways under the provisions of the Federal Aid Road Act, to submit such scheme or project of selection, construction and maintenance as may be required by the designated authority of the United

sions, terms, and conditions and purposes of the Federal Aid Road Act", designating the Illinois Department of Public Works and Buildings as the agency to guide the participation of that State in the program, and authorizing and instructing the Department to "enter into all agreements with * * * the United States Government relating to the selection * * * of highways * * * and to do all things necessary fully to carry out and make effective the cooperation contemplated and provided for by such Act."

Thus we are presented with the question whether the Federal-Aid Highway Act, which authorizes Federal condemnation of necessary lands, at the request of a State, if the Secretary of Commerce determines that the State is "unable to acquire" the land, or to acquire it "with sufficient promptness", authorizes the United States to condemn municipal park land at the request of the Illinois Department of Public Works and Buildings (which could not itself condemn park lands) made pursuant to the statutory assent, by the Illinois General Assembly, "to the provisions, terms, conditions and purposes" of the Federal Act and statutory instruction to the Illinois Department of Public Works and Buildings "to do all things necessary fully to carry out and make effective the cooperation contemplated and provided for by such Act."

The learned District Court, Honorable Frederick O. Mercer presiding, filed a well-considered opinion in support of its judgment, which is reported as United States v. Certain Parcels of Land, etc., D.C., 209 F.Supp. 483.

That opinion of Judge Mercer sets forth the issues and facts surrounding the taking, and is a well reasoned analysis of the provisions of applicable law. We fully approve of and concur in the determination of the case on the grounds and for the reasons well stated by the District Court. We adopt the opinion

States Government, and to do all things necessary fully to carry out and make ef-

of the District Court as our opinion in the disposition of this appeal.

For the reasons set out in 209 F.Supp. 483, supra, the judgment appealed from is affirmed.

Affirmed.