**CUSTOM CONTEMPORARY HOMES, INC., et al.**

v.

**The UNITED STATES, et al.**

No. 53–83L.

United States Claims Court,

April 25, 1984.

Eric L. Chase, Verona, N.J., for plaintiffs.

Alan Brenner, Washington, D.C., with whom was Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

Eugene J. Sullivan, Asst. Atty. Gen., Trenton, N.J., for N.J. Dept. of Transp.

Jonathan N. Harris, Elmwood Park, N.J., for Interchange State Bank.

Robert F. Gallo, Oakland, N.J., for Richard S. Sponzilli Landscaping and Bill Smith, Jr.

H. Shepard Peck, Jr., Fair Lawn, N.J., for DeMartini Coal & Lumber Co.

Randal W. Habeeb, Hackensack, N.J., for Gilson & Sons, Inc.

Douglas C. Borchard, Jr., West Paterson, N.J., for Ulrich, Inc., third-parties.

## OPINION

MARGOLIS, Judge.

Plaintiffs, Custom Contemporary Homes, Inc., Joseph R. Bucci, Susan C. Bucci, Joseph Favata, and Waltraud E. Favata, bring this action alleging a taking by the defendant United States of plaintiffs' property in Franklin Lakes Township, County of Bergen, New Jersey. Plaintiffs base their taking claim on a series of specific government actions which plaintiffs assert have rendered their property unmarketable and valueless. The governmental actions complained of concern federal involvement with right-of-way acquisitions for Interstate 287 (I–287) under the Federal-Aid Highway Act of 1956, 23 U.S.C. §§ 101, *et seq.* (1982). Specifically, plaintiffs contend that as a result of the planning and public awareness of the I–287 project their property is now unmarketable. Plaintiffs further allege that the United States has failed to exercise its discretion in accordance with applicable law in processing plaintiffs' hardship acquisition request[1].

---

1. In their complaint, plaintiffs sought an order from this Court requiring both the United States and the New Jersey Department of Transportation to expedite the determination of their hardship request. Plaintiffs now concede that relief against New Jersey cannot be obtained in this

Plaintiffs seek a judgment by this Court requiring the United States to expedite consideration of plaintiffs' hardship request. This case is before the Court on the defendant's motion for summary judgment and plaintiffs' cross motion for partial summary judgment, submitted with oral argument. This Court holds for the defendant.

In May 1981, plaintiff Custom Contemporary Homes, Inc., purchased two single family residential lots in Franklin Lakes Township, New Jersey. The other named plaintiffs allege a beneficial interest in the real estate. Plaintiffs subsequently constructed a single family residence on one of the lots. Plaintiffs' land is located on the route encompassed by the final twenty-mile strip of land necessary to complete I–287. Plaintiffs allege that through a series of government actions, which led to public awareness of the approval of the final phase of the I–287 project, their property has been rendered unmarketable and valueless, and therefore, has been taken without just compensation.

■ The constitutional prohibition against taking private property for public use without just compensation embodied in the Fifth Amendment is directed against the federal government. *Hooe v. United States*, 218 U.S. 322, 335–36, 31 S.Ct. 85, 89, 54 L.Ed. 1055 (1910). To hold the United States liable for a taking, plaintiffs must show that the federal government has done some affirmative act that deprives the plaintiffs of their property or that interfered with or disturbed their property rights. *D.R. Smalley & Sons, Inc. v. United States*, 178 Ct.Cl. 593, 598–99, 372 F.2d 505, 508, *cert. denied*, 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967). The United States cannot be held liable if private property is taken by the action of a State or local government entity. *Griggs v. Allegheny County*, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962).

The Federal-Aid Highway Act, 23 U.S.C. §§ 101, *et seq.*, authorizes the construction of the Interstate Highway System of which

I–287 is a part. The Act calls for close cooperation between the federal government and the States in construction of these highways. The Act, however, contemplates that implementation of the interstate highway program, including right-of-way acquisitions, shall be accomplished by the States to the extent possible. *United States v. 17.0098 Acres of Land, etc.*, 269 F.Supp. 960, 961 (E.D.Pa.1967); *United States v. Certain Parcels of Land, etc.*, 209 F.Supp. 483, 484 (S.D.Ill.1962), *aff'd, sub nom. United States v. Pleasure Driveway & Park Dist. of Peoria, Ill.*, 314 F.2d 825 (7th Cir.1963).

Moreover, the regulations promulgated under 23 U.S.C. §§ 101, *et seq.*, make it clear that the States rather than the federal government shall be responsible for acquiring land for the highway project. Section 710.203 of the regulations provides:

> The SHD [State Highway Department] has overall responsibility for the acquisition of right-of-way on all Federal-aid highway systems. 23 C.F.R. § 710.203 (1983).

■ Under the Act, the States retain all attributes of their sovereignty, and no agency relationship is created between the United States and the States. In *Eden Memorial Park Association v. United States*, 300 F.2d 432, 439 (9th Cir.1962), the Court analyzed the Act as follows:

> ... the Federal-Aid Highways Act indicates that while close cooperation between the United States and the individual states was contemplated, the states or their agencies or officials were in no sense to become agents of the United States in projects authorized by that act. The whole tenor of the act is that the United States stands ready to assist the states when, under stated conditions, the states seek such assistance. Section 107 agreements are intended to confirm this arrangement, but not to create a principal and agent relationship in either direction.

Court. Concurrent with this Opinion, the New Jersey Department of Transportation's Motion

to Dismiss has been granted. Plaintiffs have also noticed in numerous other third parties.

Indeed, 23 U.S.C. § 107(a), the provision for government condemnation of rights-of-way, clearly indicates the independent functions of the States and the federal government. Condemnation is left exclusively with the State unless the State (1) requests federal government condemnation, (2) is unable to acquire the land or to act with sufficient promptness, and (3) agrees to pay 10 percent of the acquisition costs.[2] It is only under these limited circumstances, expressly enumerated in section 107, that Congress has authorized the United States to directly acquire land for rights-of-way.

█ New Jersey has never resorted to acquisition assistance from the United States as provided for in 23 U.S.C. § 107 to condemn plaintiffs' land because New Jersey has had no impediments to the acquisition of plaintiffs' property for the I–287 project. Therefore, New Jersey remains the acquiring sovereign, and there is no federal action sufficient to state a claim for a taking against the United States.

Plaintiffs allege the federal involvement here renders the interstate highway project a joint federal-state taking. To support this allegation, plaintiffs point to federal involvement such as (1) approval of the final location of the I–287 route; (2) determinations concerning compliance with the National Environmental Policy Act (42 U.S.C. §§ 4321, *et seq.*); (3) authorization for New Jersey to commence right-of-way acquisitions; (4) federal funding for the project; and (5) the necessity for the project to comply with numerous other federal laws. This involvement is insufficient for plaintiffs to maintain a taking claim against the United States.

In *C.S. Lenoir v. United States*, 618 F.2d 125, 222 Ct.Cl. 499 (1979), plaintiff alleged that the United States' assistance in planning, inspection, and funding of a flood control project pursuant to the Watershed Protection and Flood Prevention Act of 1954, 68 Stat. 66, as amended, 86 Stat. 667, 16 U.S.C. §§ 1001, *et seq.* (1972), made that undertaking a federal project. Relying on *D.R. Smalley & Sons, Inc. v. United States*, 178 Ct.Cl. 593, 372 F.2d 505, and *Correlated Development Corp. v. United States*, 214 Ct.Cl. 106, 556 F.2d 515 (1977)[3], the Court characterized such involvement as insufficient to enable a property owner to maintain a taking claim against the United States.

2. Section 107(a) provides:

In any case in which the Secretary [of Transportation] is requested by a State to acquire lands or interests in lands (including within the term "interests in lands", the control of access thereto from adjoining lands) required by such State for right-of-way or other purposes in connection with the prosecution of any project for the construction, reconstruction, or improvement of any section of the Interstate System, the Secretary is authorized, in the name of the United States and prior to the approval of title by the Attorney General, to acquire, enter upon, and take possession of such lands or interests in lands by purchase, donation, condemnation, or otherwise in accordance with the laws of the United States (including the Act of February 26, 1931, 46 Stat. 1421), if—

(1) the Secretary has determined either that the State is unable to acquire necessary lands or interests in lands, or is unable to acquire such lands or interests in lands with sufficient promptness; and

(2) the State has agreed with the Secretary to pay, at such time as may be specified by the Secretary an amount equal to 10 per centum of the costs incurred by the Secretary, in acquiring such lands or interests in lands, or such lesser percentage which represents the State's pro rata share of project costs as determined in accordance with subsection (c) of section 120 of this title.

The authority granted by this section shall also apply to lands and interests in lands received as grants of land from the United States and owned or held by railroads or other corporations.

3. In both *D.R. Smalley & Sons, Inc.* and *Correlated Development Corp.*, the federal involvement alleged was that (1) the contracts involved were drafted pursuant to the regulations and requirements of the United States and were approved by the United States; (2) changes in plans were approved by the federal government; (3) the work was inspected and approved by the United States during construction and after completion; and (4) the United States provided most of the funds for the project. *D.R. Smalley & Sons, Inc. v. United States*, 178 Ct.Cl. at 595–96, 372 F.2d at 506; *Correlated Development Corp. v. United States*, 214 Ct.Cl. at 113–19, 556 F.2d at 520–23.

The federal involvement here is similar to that in *C.S. Lenoir, D.R. Smalley & Sons, Inc.*, and *Correlated Development Corp.* As in those cases, the project is clearly a State project and not a federal project. Plaintiffs do not allege any affirmative acts on the part of the United States that deprive them of any of their property. Liability, if any, lies with the State, and not the federal government. *See C.S. Lenoir v. United States*, 618 F.2d 125, 222 Ct.Cl. at 502.

Finally, plaintiffs have requested this Court to order the United States to make a hardship determination pursuant to 23 C.F.R. § 712.204(d) (1983) so as to accomplish acquisition and payment in advance of the regular acquisition schedule to be set by the New Jersey Department of Transportation.[4] This regulation provides for approval by the Federal Highway Administrator of the acquisition of a particular parcel or limited number of parcels within the limits of a proposed highway corridor. Under this regulation, however, it is the State highway department which is the appropriate authority for receiving and reviewing such hardship acquisition requests. Section 712.204(d) provides:

> In extraordinary cases or emergency situations the State highway department *may request* and the Federal Highway Administrator *may approve* Federal participation in the acquisition of a particular parcel ... within the limits of a proposed highway corridor.... 23 C.F.R. § 712.204(d) (1983) [emphasis added].

In the instant proceeding, the New Jersey Department of Transportation has declined to make such a request of the United States. The language of 23 C.F.R. § 712.204(d) clearly indicates that the State highway department is not under a duty to forward such a request to the United States, but rather, may determine from the particular circumstances whether making such a request of the United States is warranted. Apparently, New Jersey has exercised its discretion in not forwarding plaintiffs' request[5], and therefore, the United States was never in a position to review plaintiffs' hardship acquisition request. This Court cannot review the discretionary action of a State.

In view of the foregoing, the defendant's motion for summary judgment is granted, and the plaintiffs' cross motion for partial summary judgment is denied. The Clerk will dismiss the complaint, cross-claim, and all counterclaims.

New Jersey asserted, as an affirmative defense, that plaintiffs' financial difficulties are the result of a depressed housing market and not the result of a *de facto* taking.

---

5. New Jersey, acting through its Department of Transportation, was initially brought into this controversy as a third party pursuant to RUSCC 14. In its answer to the plaintiffs' complaint,