**Verlene L. PARKER, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 10–73L.

United States Court of Federal Claims.

June 2, 2010.

Verlene L. Parker, Flint, MI, pro se.

Bruce Trauben, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for the defendant.

## OPINION

HORN, Judge.

The plaintiff, Verlene L. Parker, filed her complaint *pro se.* Although the submitted papers are hard to follow, as is discussed below, plaintiff is entitled to liberal construction of the pleadings by the court. The court construes plaintiff's claim to be against the United States for purposes of its review. All claims in the United States Court of Federal Claims must have "the United States designated as the party defendant. . . ." Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC).

Ms. Parker appears to allege that the government took her property without providing just compensation.[1] The complaint states that "[i]n April 2005, the plaintiff vacated her premises for government purposes. This was due to a dispute by multiple agents over the contents in her home and the contents on the land." The plaintiff also states that "gov-

erning authority over the telecommunication instrumentality according to Mich. Statute 213.321 Section 1(d) asked [her] to leave the premise and not to return." The plaintiff concedes, however, that she has no written record "declaring that the property was taken by the U.S. government," and also states that "a taking in Michigan does not mean that the USA or Michigan is occupying the property nor does it mean that the USA has the goods." In fact, the plaintiff does not clarify what federal, government purpose or action either made it necessary for her to leave the property or could have caused a taking. She requests civilian and military records to pursue her case and cites to the United States Constitution and Michigan statutes in support of her claim.

Plaintiff requests "payment for money that would not have been spent if she had not been ordered by governing authority to leave her home, autos, boats, land and all the contents on the premises in place and never to return." This includes "loss of entire premises (house, land, contents)" which she titles "proximate" and values at $657,800.00, relocation costs ($54,133.91), and the alleged cost of maintaining a separate piece of property owned by her husband's rental business ($13,161.14), plus a five percent interest penalty. Subsequently, in her "Rewritten Pleading," she requests $2,175,285.10, plus the "to be determined" cost of litigation. She also alleges a "1.0 million tort (personal injury due to stress)" claim, which, in the "Rewritten Pleading," she asserts "will be tried as a counter claim, later in the appropriate court," but which she subsequently withdrew from the complaint before this court.

## DISCUSSION

Initially, when she filed her complaint, the plaintiff did not include the required filing fee or a request to proceed *in forma pauperis.* One month after the case was filed, after the court had issued an order to comply with the court's rules, the plaintiff paid the filing fee. The defendant responded to plaintiff's complaint by filing a motion for a more defi-

---

1. This is not a transfer case from another federal court, as alleged by Ms. Parker, although the United States District Court for the Eastern District of Michigan did dismiss an earlier complaint filed in that court by Ms. Parker and suggested possible jurisdiction in this court.

nite statement, which the court granted. The plaintiff subsequently submitted numerous additional filings, including the "Rewritten Pleading" and numerous motions and additional materials. None of the additional submissions, however, offered sufficient clarification of the nature of her claims or explained why jurisdiction can be exercised by this court. The defendant then filed a motion to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, for lack of subject matter jurisdiction. Plaintiff responded by submitting an "Objection to Dismissal" which repeated many of her earlier claims.

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court … to create a claim which [plaintiff] has not spelled out in his [or her] pleading….'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte.*" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phil-*lips, *Molnar v. West,* 160 F.3d 717, 720 (Fed. Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Thompson v. United States,* 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed. Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1343 (Fed.Cir. 2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

Pursuant to this court's rules and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2). *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–57, 570, 127 S.Ct. 1955). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel*

*Corp.*, 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). As stated in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly*,] 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

■ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed.Cir.2002), cert. *denied*, 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States*, 119 F.3d 1576, 1580 (Fed.Cir.1997)), cert. *denied*, 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000).

■ The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Greenlee County, Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir.), *reh'g and reh'g en banc denied* (Fed. Cir.2007), cert. *denied*, 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed. Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States*, 33 Fed.Cl. 474, 478 (1995), *aff'd*, 79 F.3d 136 (Fed.Cir.1996). The Tucker Act vests the United States Court of Federal Claims with exclusive jurisdiction over takings claims against the federal government seeking more than $10,000.00. 28 U.S.C. § 1491; *see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1304 (Fed.Cir.2008) (citing *E. Enters. v. Apfel*, 524 U.S. 498, 520, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998)); *United States v. Cundiff*, 555 F.3d 200, 216 (6th Cir.2009).

■ After carefully reviewing all the numerous and confused filings submitted by the plaintiff, which are well in excess of 100 pages, the court concludes that the plaintiff's complaint fails to state a claim that falls within the jurisdiction of the Court of Federal Claims and fails to state a claim pursuant to which relief can be granted. *See* RCFC 12(b)(1) and RCFC 12(b)(6). Plaintiff's allegations do not assert a claim against the United States. Plaintiff offers no support that the United States or one of its agents took any action that deprived Ms. Parker of any property interest. In fact, plaintiff admits as much in her complaint.

Plaintiff makes allegations without further explanation of why the court should exercise jurisdiction, including that "[g]overning authority using [a] telecommunication instrumentality according to Mich. Statute 213.321 Sec 1(d) ask [sic] me to leave my home and

 

land and not to return." Ms. Parker repeats similar assertions throughout her "Rewritten Pleading," which followed the court's order for a more definite statement, by asserting, for example, "governing authority over the telecommunication instrumentality ... asked the Plaintiff to leave the premise and not return," "Lost [sic] of entire premises (real and personal property[)] due to an order from governing authority via telecommunication instrumentality," and "[t]he Plaintiff ... vacated the premises on April 2005, according to Michigan Statute 213.321 Section 1(d)."

Plaintiff's complaint must allege facts sufficient to support her claim. As noted earlier, mere allegations of law and conclusions of fact are insufficient to support a claim. *See McZeal v. Sprint Nextel Corp.,* 501 F.3d at 1363 n. 9. The plaintiff must plead that the federal government has performed some affirmative act that caused the divestiture of her property interest. *Custom Contemporary Homes, Inc. v. United States,* 5 Cl.Ct. 88, 90 (1984) (citing *D.R. Smalley & Sons, Inc. v. United States,* 178 Ct.Cl. 593, 598–99, 372 F.2d 505, *cert. denied,* 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967)). Moreover, "The United States cannot be held liable if private property is taken by the action of a state or local government entity." *Custom Contemporary Homes v. United States,* 5 Cl.Ct. at 90 (citing *Griggs v. Allegheny County,* 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962)); *see also John v. United States,* 77 Fed.Cl. 788, 816 (2007).

In her filings, Ms. Parker only mentions the federal government in general and conclusory statements such as her invocations of the Fifth and Fourteenth Amendments and when she claims that "the U.S. government violated its obligations when they failed to perform the act of paying the landowner when the property was taken." There is no factual allegation or substantiating information as to what actions were taken by a federal official that resulted in the alleged taking of her property. Plaintiff's pleadings seem to suggest that the State of Michigan, and not the United States, is the entity Ms. Parker blames for taking her property interest.

In plaintiff's "Objection to Dismissal," plaintiff continues to conflate federal and state regulations and actions. She repeatedly refers to Article 10 § 2 of the United States Constitution which does not exist. This same section in the Michigan Constitution, however, refers to state government takings. She also cites several additional Michigan statutes relating to condemnation in an attempt to support her takings claim. Allegations of actions by Michigan state officials, even if true, are insufficient to support a claim in this court. In fact, plaintiff's filings are not clear as to whether a taking by any governmental entity actually occurred.

### CONCLUSION

Upon review of plaintiff's complaint, the plaintiff does not allege a claim within the jurisdiction of this court and fails to state a claim upon which relief can be granted. Therefore, the court **GRANTS** the defendant's motion to dismiss. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**