**Verlene L. PARKER, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 10–73L.

United States Court of Federal Claims.

July 13, 2010.

---

Verlene L. Parker, Flint, Mich., pro se.

Bruce Trauben, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for the defendant.

## ORDER

HORN, Judge.

## FINDINGS OF FACT

The *pro se* plaintiff, Verlene L. Parker, has filed a motion to reconsider the decision issued by this court which dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.[1] *See Parker v. United States*, 93 Fed.Cl. 159 (2010). Ms. Parker asserts that this court cannot dismiss her complaint for lack of jurisdiction. She writes that, "Mich § 292 states that the Court of Claims is the proper forum in which to seek relief in the form of damages where [the] Plaintiff alleges *already accomplished* inverse condemnation by the STATE OR A STATE AGENCY" (emphasis in original). Moreover, she declares that an "oral hearing is necessary" and that "failure to have a hearing is a jurisdictional defect."

Plaintiff declares that "jurisdictional defects are found in the opinion which adversely influenced the judgment." She states that "all briefings and complaints, were sent by U.S. mail to the Federal Court of Claims [sic]. Therefore, the potential for the claim being altered or tampered with before it reaches the judge's chamber is possible." Plaintiff also claims that the court was in error when it held that the plaintiff did not clarify the federal government purpose or action that made it necessary for her to leave her property. She argues that she had made it clear in her previous pleading that "telecommunication ordered her to leave the premises" and that "telecommunication is both a state and federal agency." Plaintiff claims that she is entitled to an oral hearing "so that the Plaintiff, defense, and judge can compare notes" and "to affirm that what was mailed is a true copy of what the Plaintiff sent."

Plaintiff expresses concern that the court misconstrued her pleadings when it wrote in its opinion that she "requests civilian and military records to pursue her case." Ms. Parker believes this negatively influenced the court's final decision in her case. She writes that what she intended to state in her earlier pleadings was that she did not believe Michigan law required military or government records to be necessary in order to compensate the landowner for a taking. She claims that this statement was "an error in fact and in Law which makes the judges [sic] opinion a 'writ of error[']" and that a hearing might have prevented incorrect conclusions.

## DISCUSSION

Rule 59(a)(1) of the Rules of the United States Court of Federal Claims (RCFC) provides that "[t]he court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party. . . ." The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.), *reh'g denied* (Fed.Cir.1990); *see also Webster v. United States*, 92 Fed.Cl. 321, 324 (2010); *Alpha I, L.P. ex rel. Sands v. United States*, 86 Fed.Cl. 126, 129 (2009); *Banks v. United States*, 84 Fed.Cl. 288, 291–92 (2008); *Corrigan v. United States*, 70 Fed.Cl. 665, 667–68 (2006), *aff'd*, 223 Fed.Appx. 968 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.), *cert. denied*, 552 U.S. 892, 128 S.Ct. 338, 169 L.Ed.2d 155 (2007); *Tritek Techs., Inc. v. United States*, 63 Fed.Cl. 740, 752 (2005); *Keeton Corr., Inc. v. United States*, 60 Fed. Cl. 251, 253 (2004); *Paalan v. United States*,

---

1. As when reviewing the *pro se* plaintiff's original complaint, the plaintiff was afforded liberal construction of the pleadings. See *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972) and discussion in the earlier *Parker* opinion, cited immediately above.

58 Fed.Cl. 99, 105 (2003), *aff'd,* 120 Fed. Appx. 817 (Fed.Cir.), *cert. denied,* 546 U.S. 844, 126 S.Ct. 91, 163 L.Ed.2d 108 (2005); *Citizens Fed. Bank, FSB v. United States,* 53 Fed.Cl. 793, 794 (2002), *aff'd,* 474 F.3d 1314 (Fed.Cir.), *reh'g denied* (Fed.Cir.2007).

■■■ "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States,* 391 F.3d 1226, 1235 (Fed. Cir.2004), *reh'g en banc denied* (Fed.Cir.), *cert. denied,* 546 U.S. 826, 126 S.Ct. 366, 163 L.Ed.2d 72 (2005) (quoting *Fru–Con Constr. Corp. v. United States,* 44 Fed.Cl. 298, 300 (1999)). Courts must address reconsideration motions with "exceptional care." *Carter v. United States,* 207 Ct.Cl. 316, 318, 518 F.2d 1199, 1199 (1975), *cert. denied,* 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86, *reh'g denied,* 424 U.S. 950, 96 S.Ct. 1423, 47 L.Ed.2d 356 (1976); *see also Global Computer Enters. v. United States,* 88 Fed.Cl. 466, 468 (2009). "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact. Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews v. United States,* 73 Fed.Cl. 524, 526 (2006) (citations omitted); *see also Dairyland Power Coop. v. United States,* 90 Fed. Cl. 615, 652 (2009) (quoting *Circle K Corp. v. United States,* 23 Cl.Ct. 659, 664–65 (1991)) ("[A] successful motion under RCFC 59 is 'based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'"); *Prati v. United States,* 82 Fed.Cl. 373, 376 (2008), *aff'd,* 603 F.3d 1301 (Fed.Cir. 2010); *Tritek Techs., Inc. v. United States,* 63 Fed.Cl. at 752; *Bannum, Inc. v. United States,* 59 Fed.Cl. 241, 243 (2003); *Citizens Fed. Bank, FSB v. United States,* 53 Fed.Cl. at 794; *Strickland v. United States,* 36 Fed. Cl. 651, 657, *recons. denied* (1996); *Bishop v. United States,* 26 Cl.Ct. 281, 286, *recons. denied* (1992). "Manifest," as in "manifest injustice," is defined as "clearly apparent or obvious." *Ammex, Inc. v. United States,* 52 Fed.Cl. 555, 557 (2002), *aff'd,* 384 F.3d 1368 (Fed.Cir.2004), *cert. denied,* 544 U.S. 948, 125 S.Ct. 1697, 161 L.Ed.2d 525 (2005). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed.Cl. 27, 31 (2007) (quoting *Pac. Gas & Elec. Co. v. United States,* 74 Fed.Cl. 779, 785 (2006), *aff'd in part, rev'd in part on other grounds,* 536 F.3d 1282 (Fed.Cir.2008)). "A court, therefore, will *not* grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the court.'" *Ammex, Inc. v. United States,* 52 Fed.Cl. at 557 (quoting *Principal Mut. Life Ins. Co. v. United States,* 29 Fed.Cl. 157, 164 (1993), *aff'd,* 50 F.3d 1021 (Fed.Cir.), *reh'g denied* (Fed.Cir.1995)) (emphasis in original); *see also Webster v. United States,* 92 Fed.Cl. at 324; *Tritek Techs., Inc. v. United States,* 63 Fed.Cl. at 752.

■■■ Moreover, "even a pro se [sic] party may not prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Pinckney v. United States,* 90 Fed.Cl. 550, 555 (2009) (internal quotation marks omitted); *see also Bluebonnet Sav. Bank, FSB v. United States,* 466 F.3d 1349, 1361 (Fed.Cir.2006) ("Although the government makes an elaborate argument in its brief ... the government never made that argument to the trial court until its motion for reconsideration following the trial court's issuance of its decision. As the trial court noted in denying the motion, an argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal.") (citing *Lamle v. Mattel, Inc.,* 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005) and *Caldwell v. United States,* 391 F.3d at 1235) (other citations omitted); *Yuba Natural Res., Inc. v. United States,* 904 F.2d at 1582–83; *Gelco Builders & Burjay Constr. Corp. v. United States,* 177 Ct.Cl. 1025, 1036–37 n. 7, 369 F.2d 992, 1000 n. 7 (1966); *S. Nuclear Operating Co. v. United States,* 79 Fed.Cl. 135, 137 (2007); *Stockton E. Water Dist. v. Unit-*

*ed States,* 76 Fed.Cl. 497, 500 (2007), *aff'd in part, vacated in part, rev'd in part on other grounds,* 583 F.3d 1344 (Fed.Cir.2009).

 Upon review, the plaintiff's motion for reconsideration only further confirms this court's conclusion in its earlier decision that plaintiff's complaint must be dismissed for failure to allege a claim within the jurisdiction of this court or to state a claim upon which relief can be granted was correct, *see* RCFC 12(b)(1) and 12(b)(6). The United States Court of Federal Claims has jurisdiction over claims against the United States government. In her motion for reconsideration, Ms. Parker still continues to assert that "telecommunication" was the agency responsible for the taking. Although she asserts that "telecommunication is both a state and federal agency," she once again repeatedly refers to state actions and to state statutes for support, even as she disagrees with the court's holding that she has alleged no claim against the federal government. Ms Parker identifies no federal statute, actual federal agency or federal employee as responsible. Furthermore, the court has been unable to locate state statute or regulation Mich. § 292, which plaintiff cites for the proposition that the "Court of Claims" [sic] does have jurisdiction. As previously stated, this court does not have jurisdiction over asserted claims against the state of Michigan, a Michigan state agency, employees of the state of Michigan, or a Michigan state court.

 Plaintiff alleges that the court erred for failure to hold an oral hearing in her case. The court, however, carefully reviewed plaintiff's complaint, attachments submitted with the complaint, and additional filings, and determined that an oral hearing was unnecessary because, in this case, an oral hearing would not assist the court. Trial judges are typically given broad discretion to control and manage their dockets, including with respect to procedural matters. *See, e.g., Amado v. Microsoft Corp.,* 517 F.3d 1353, 1358 (Fed.Cir.2008) (citing *Nolan v. de Baca,* 603 F.2d 810, 812 (10th Cir.1979), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 814 (1980)); *Nutrinova Nutrition Specialties and Food Ingredients GmbH v. Int'l Trade Comm'n,* 224 F.3d 1356, 1360

(Fed.Cir.2000). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." *Geear v. Boulder Comm. Hosp.,* 844 F.2d 764, 766 (10th Cir.), *cert. denied,* 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988); *see also Toquero v. I.N.S.,* 956 F.2d 193, 196 n. 4 (9th Cir.1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); *Lake at Las Vegas Investors Group v. Pac. Malibu Dev. Corp.,* 933 F.2d 724, 729 (9th Cir.), *reh'g denied* (9th Cir.1991), *cert. denied,* 503 U.S. 920, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992) (Affirming the trial court and discussing that court's interpretation of a local District Court rule, finding no prejudicial error based on the denial of oral argument in a summary judgment motion because the party "had the opportunity to apprise the district court of any arguments it believed supported its position ...."); *see also, generally,* Beth Bates, Annotation, *Necessity of oral argument on motion for summary judgment or judgment on pleadings in federal court,* 105 A.L.R. Fed. 755 (1991).

 Thus, a trial court is not required to hold a hearing or an oral argument before entering judgment, but may do so when the court believes it would assist the court to resolve the case. The decision to hold an oral argument is made in each case based on the filings in that particular case. The trial court has broad discretion regarding this decision. Ms. Parker had the opportunity to present her allegations in the approximately 200 pages of filings she previously submitted to the court. Plaintiff's motion for reconsideration does not alter the court's decision that an oral hearing was unnecessary in her case.

The court also notes that whether Ms. Parker requested military records to pursue her claim was not material to this court's dismissal for lack of jurisdiction of plaintiff's complaint after review of the allegations in her complaint. Whether or not military records would be necessary at a later stage of the proceedings should Ms. Parker's case survive defendant's motion to dismiss in no way impacted the court's finding of no jurisdiction. Therefore, no error of law or mis-

take of fact occurred based upon which the court would be moved to reconsider its decision.

In fact, Ms. Parker offers no additional arguments in her motion that would give this court any reason to reconsider its decision or grant a hearing. Plaintiff has not altered her allegations, including that the state government may have taken action that plaintiff alleges resulted in a taking of her property. Although plaintiff may be disappointed in the result, her allegations were previously, carefully considered by the court and rejected.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

**IT IS SO ORDERED.**