NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VERLENE L. PARKER,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5139

---

Appeal from the United States Court of Federal Claims in case No.10-CV-73, Judge Marian Blank Horn.

---

Decided: November 5, 2010

---

VERLENE L. PARKER, of Flint, Michigan, pro se.

LANE N. MCFADDEN, Attorney, Appellate Section, Environment and Natural Resources Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief was IGANACIA S. MORENO, Assistant Attorney General.

---

Before GAJARSA, LINN, and MOORE, *Circuit Judges.*

Per Curiam.

Verlene L. Parker ("Parker") appeals from a final decision of the Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. *Parker v. United States*, 93 Fed. Cl. 159 (2010). For the reasons discussed below, this court *affirms*.

## BACKGROUND

Parker filed suit against the United States alleging a taking of her property and requesting compensation. In her pleadings, Parker alleged that "[i]n April 2005, [she] vacated her premises for government purposes . . . . due to a dispute by multiple agents, over the contents in her home and the contents on the land." Further, "the agents set into motion destructive forces that directly removed personal property from the premises, which eventually [led] to the [loss] of the entire property, both real and personal." In response "to an order from governing authority via telecommunications instrumentality for [her] to leave," she left her property and claims to have suffered a constitutional taking "according to Mich. Statute 213.1, Note 8." Parker seeks $2,175,285.10 in compensation.

After a careful review and liberal construction of Parker's filings, the Court of Federal Claims granted the government's motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. *Parker*, 93 Fed. Cl. at 162. Specifically, the court found Parker asserted no "factual allegation or substantiating information as to what actions were taken by a federal official that resulted in the alleged taking of her property." *Id.* at 163. Because Parker failed to allege a claim within the jurisdiction of the Court of Federal Claims, the court dismissed her complaint. *Id.*

Parker filed a motion for reconsideration, suggesting that her pleadings may have been tampered with in the mail and requesting oral argument. The court denied Parker's motion, finding that she failed to identify any "federal statute, actual federal agency or federal employee as responsible" for the alleged taking of her property and that oral argument was unnecessary in light of her having filed "approximately 200 pages" in presenting her case. *See Parker v. United States*, 93 Fed. Cl. 653, 657 (2010). Parker filed her notice of appeal that same day and this court has jurisdiction over her appeal pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Whether the Court of Federal Claims properly dismissed Parker's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted are both questions of law this court reviews *de novo*. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). In reviewing the dismissal, we must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Parker's favor. *Id.* The Tucker Act vests the Court of Federal Claims with exclusive jurisdiction over takings claims against the federal government that seek more than $10,000. 28 U.S.C. § 1491.

On appeal, Parker argues that the decision of the Court of Federal Claims is inconsistent with the law and facts and that the court improperly denied her request for oral argument. This court disagrees. The Court of Federal Claims not only considered the constitutional basis for Parker's allegations and whether the complaint alleged a potential claim under the Tucker Act, but also her invocation of Michigan state law. *Parker v. United States*, 93 Fed. Cl. 159, 162-63. While Parker did not identify any specific facts the court neglected to consider, her

pleadings, even under a liberal construction, fail to specify any action by a federal official or agency that resulted in the taking of her property and that may have served as a basis for her suit against the United States. Finally, the court was well within its discretion to deny oral argument in light of Parker's extensive filings. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008). The court properly dismissed Parker's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted.

For the above reasons, the decision of the Court of Federal Claims is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.