Daisy J. BRAM, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 11–803C.

United States Court of Federal Claims.

Jan. 6, 2012.

## OPINION

DAMICH, Judge:

### I. *Introduction and Background*

On November 30, 2011, pro se Plaintiff Daisy J. Bram filed a complaint requesting "liquidated damages" pursuant to an alleged "implied contract" between her and the federal government. The terms of the contract were set forth in a letter she sent on November 9, 2011, to the United States Department of Treasury and to several agents of the government of Butte County, California. On November 30, 2011, Plaintiff also filed a motion for summary judgment, asking the Court to order the full payment of all "liquidated damages" to her.

The events that gave rise to the alleged contract appear to be Ms. Bram's arrest, on September 29, 2011, by officials of Butte County and/or the State of California and her subsequent loss of custody of her two children. In her November 9, 2011 letter, Ms. Bram stated that she suffered a tortious injury because the government officials who arrested her and took custody of her children invaded her private property and had no legal authority to do so. The letter seems to state that she was waiving her tort claims and electing to treat the trespass upon her land and seizure of her children as an implied contract, and that failure to return her children to her would be considered an acceptance and breach of the contract. The letter also contained a "liquidated damages" clause, which provided that a failure either to identify the legal authority for taking custody of her children or to return her children to her within 3 days would give rise to $17 million in liquidated damages.

In the complaint, Ms. Bram alleges that jurisdiction is proper under the Tucker Act, 28 U.S.C. § 1491 (2006). Although she acknowledges that Butte County officials [1] were responsible for her injury, Ms. Bram alleges that the United States is a proper party because Butte County received federal funds and Butte County was acting as an instru-

---

Daisy J. Bram, Chico, CA, Plaintiff, pro se.

Jeremiah M. Luongo, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

---

1. Those officials include agents of Butte County's Inter Agency Narcotics Task Force, District Attorney's Office, and Child Protective Services.

mentality of the United States by enforcing federal public policy.[2] She also states that she made a demand to the United States and Butte County to cure the breach by returning her children or to pay the liquidated damages. Plaintiff alleges both governments refused to comply, and therefore, it now is proper for her to seek a judicial remedy.

On December 21, 2011, the Government filed a motion for summary dismissal of the complaint under Rule 12(b)(1) of the Rules of the Court of Federal Claims. The Government asserts that this Court does not have jurisdiction over suits against any individual or entity that is not part of the federal government or not acting as its agent. The Government argues that Plaintiff's contention that Butte County is an agent of the United States because it received federal funds is insufficient to hold the United States responsible for the actions of county officials. The Government argues that her claim is against a state official, and therefore, outside of this Court's jurisdiction.

On December 28, 2011, Ms. Bram filed a response. Ms. Bram reiterates her allegation that Butte County was executing federal public policy and therefore was acting as a "de facto" agent of the United States. She asserts that the Government conceded the validity of her other allegations because it failed to address them in its motion. On January 3, 2012, the Government filed a reply, arguing that Ms. Bram has not alleged any facts that would support the conclusion that the Butte County officials were acting as agents of the United States.

## II. *Discussion*

In ruling on the Government's motion, the Court accepts all the allegations in Plaintiff's complaint as true, and draws all inferences in her favor. *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nonetheless, the Court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

■ Ms. Bram alleges that this Court has jurisdiction over her claim pursuant to the Tucker Act. The Tucker Act grants the United States Court of Federal Claims ("CFC") jurisdiction over monetary actions "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1). The Tucker Act only provides for jurisdiction over claims against the United States, and not for claims against an entity other than the United States. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The Tucker Act does not provide for jurisdiction over suits against individual federal or state officials. *See Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997) (no jurisdiction over individual federal officials); *Fullard v. United States,* 78 Fed.Cl. 294, 301 (2007) (finding that the CFC lacks jurisdiction over claims against states or state officials).

■ Ms. Bram alleges that she has entered into a contract with officials of Butte County, that those officials are agents of the United States, and therefore, she has entered into a contract with the United States. Accepting all the facts as true, the Court cannot find that the Butte County officials were acting as agents of the United States or that Ms. Bram has a contract with the United States. Receipt of federal funds does not make an entity an agent of the United States. *Chas. H. Tompkins Co. v. United States,* 230 Ct.Cl. 754, 1982 WL 25178 (1982). Butte County's enforcement of local or state laws, even if those laws are consistent with "federal public policies," also does not render Butte County an agent of the United States. *D.R. Smalley & Sons, Inc. v. United States,* 178 Ct.Cl. 593, 372 F.2d 505 (1967), *cert. denied,* 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967) (finding the State of Ohio was not acting as an agent of the United States in contracting with a company to build part of a national highway, even though the plans and contract were in accordance with strict federal regulations and the funds were 90% federal). As for Plaintiff's other arguments that Butte County was acting as an agent of the

---

2. Plaintiff appears to set forth in her complaint a third basis for finding that the County was acting as an agent of the United States, but the Court finds Plaintiff's allegations to be incoherent.

United States, the Court finds them to be unpersuasive. Therefore, Plaintiff has alleged a claim against state officials, and this Court does not have jurisdiction over the claim.

## III. *Conclusion*

Plaintiff has not established that this Court has jurisdiction over her claim. Accordingly, the Government's Motion to Dismiss for lack of jurisdiction is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED** as moot. The Clerk is directed to dismiss the Plaintiff's complaint.